OPINION
{¶ 1} Appellant, Dion Wilkins, appeals his conviction in the Clinton County Court of Common Pleas for drug trafficking. For the reasons that follow, we affirm.
 {¶ 2} The Clinton County Sheriff's Office received citizen complaints that Rebecca Workman was selling marijuana from her apartment in Wilmington, Ohio. Sergeant Douglas Eastes initiated a controlled buy using a confidential informant and marijuana was obtained. Thereafter, Sgt. Eastes submitted an affidavit in support of a search warrant for the premises *Page 2 
and any and all persons located therein. The search warrant was issued.
 {¶ 3} Upon execution of the warrant, the sheriff's deputies located cocaine, crack cocaine, heroin, and marijuana in the master bedroom of the apartment, along with other drug paraphernalia. No persons were present in the apartment when the search was initiated. Based on employment documents found in the home, a deputy obtained Workman from her place of employment and brought her to the apartment. Workman indicated to the deputies that the cocaine, crack cocaine, and heroin belonged to appellant, who was her boyfriend.
 {¶ 4} The deputies asked Workman to get appellant to come to the apartment so he could be searched pursuant to the warrant. From the sheriff's office, she telephoned appellant and told him that her apartment had been broken into and asked that he come there. When appellant arrived at the apartment, he was searched by the deputies and placed into custody. Crack cocaine and heroin in capsules were found on his person. During the ongoing search, firearms were also discovered in a box on a shelf in a closet in the living room of the apartment. Workman indicated that the firearms did not belong to her, and that she was unaware of their presence in her apartment, though they were discovered in a box packed by Workman of clothing belonging to Workman's prior boyfriend. Ammunition for each of the two guns was found in the master bedroom of the apartment. A sales receipt for ammunition and surveillance video from a Wal-Mart store indicate the ammunition was purchased by appellant.
 {¶ 5} After a trial by jury, appellant was convicted for trafficking in cocaine in violation of R.C. 2925.03(A)(2), a second-degree felony, with a special finding that the amount of cocaine was an amount equal to or exceeding ten grams but less than 100 grams; trafficking in crack cocaine in violation of R.C. 2925.03(A)(2), with a special finding that the amount of crack cocaine was exceeding ten grams but less than 25 grams; and trafficking in heroin, in *Page 3 
violation of R.C. 2925.03(A)(2). On each count, the jury made a special finding that the offense was committed within the vicinity of a juvenile, and the defendant had a firearm on or about his person or under his control while committing the offense. Appellant was also convicted of having weapons while under a disability in violation of R.C. 2913.23(A)(3), a third-degree felony. In a separate case based on unrelated events, appellant was also charged with trafficking in marijuana in violation of R.C. 2925.03(A)(1), a felony of the first degree. The cases were consolidated for purposes of trial, and Appellant was convicted on that charge, as well. He was sentenced to 15 years 4 months imprisonment for the offenses. Appellant appeals his conviction, raising four assignments of error:
 {¶ 6} Appellant's first assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED BY DENYING APPELANT'S MOTION TO SUPPRESS."
 {¶ 8} Appellant argued in the trial court that all evidence found on his person at the time of his arrest should have been suppressed. Appellant argued that it was a violation of his constitutional rights for the police officers to lure him to the apartment under false pretenses. Appellant also argued that police officers did not have the authority to search him pursuant to the warrant. The trial court determined that it was not unconstitutional for the police to lure appellant to the apartment. It also determined that at the time appellant presented at the apartment, the officers executing the search had probable cause to believe appellant was engaged in illegal activity because of the information they received during the search. Appellant argues on appeal that the trial court's decision was in error.
 {¶ 9} Because appellate review of a ruling on a motion to suppress evidence presents mixed questions of law and fact, a reviewing court must accept the trial court's findings of fact if they are supported by competent, credible evidence and then determine as a matter of law, without deferring to the trial court's conclusions, whether the trial court *Page 4 
applied the appropriate legal standard. State v. Baker, Preble App. No. CA2007-04-009, 2008-Ohio-1884, ¶ 8. On appeal, appellant again asserts that his constitutional rights were violated when the police lured him to the apartment by having Workman call him. Appellant cites no law in support of this proposition, and we know of none. In the alternative, appellant argues that the officers did not have the authority under the search warrant to search him because the warrant was an "all persons" warrant. See State v. Kinney, 83 Ohio St.3d 85, 91, 1998-Ohio-425. During the search of the apartment, the officers discovered a large amount of drugs and equipment related to drug distribution. Workman identified the material as belonging to appellant. We find, as the trial court did, that it was not necessary for the officers to rely on the "all persons" portion of the warrant to justify their search of appellant. The officers had probable cause to arrest appellant by the time he presented at the residence. Appellant makes no argument that the search was unconstitutional as incident to the arrest. Accordingly, appellant's first assignment of error is without merit.
 {¶ 10} Appellant's second assignment of error states:
 {¶ 11} "THE TRIAL COURT ERRED BY CONSOLIDATEING CASE NUMBER 2006 5129 WITH CASE NUMBER 2006 5076 FOR PURPOSES OF TRIAL AND BY DENYING APPELLANT'S MOTION TO SEVER."
 {¶ 12} At trial, appellant argued in a motion to sever that the two separate cases, one including charges for trafficking cocaine, crack cocaine, heroine, and possession of a firearm arising from the search of Workman's apartment, and the other including charges for trafficking marijuana arising from a separate incident and arrest, should not have been consolidated and should be severed due to potential for prejudice. The trial court overruled the motion, finding that the charges in the two cases could have been joined in a single indictment and that appellant had failed to demonstrate prejudice requiring severance. On appeal, appellant argues that the trial court erred in denying the motion to sever. Specifically, *Page 5 
appellant alleges that he was denied a fair trial because the jury may have found him guilty based upon the fact that he acted in conformity with his past conduct, instead of the evidence presented at trial.
 {¶ 13} The law favors joining multiple offenses in a single trial under Crim. R. 8(A) if the offenses charged are of the same or similar character. State v. Franklin (1991), 62 Ohio St.3d 118, 122; State v.Lott ( 1990), 51 Ohio St.3d 160, 163; State v. Torres (1981),66 Ohio St.2d 340, 343. Under Crim. R. 13, a "trial court may order two or more indictments or information or both to be tried together, if the offenses * * * could have been joined in a single indictment or information." However, upon a showing of prejudice, an accused may move to sever under Crim. R. 14. State v. Wiles (1991), 59 Ohio St.3d 71, 76. The decision to sever is a matter of trial court discretion. Torres at syllabus;Braxton v. Maxwell (1965), 1 Ohio St.2d 134. We review the trial court's decision for an abuse of discretion. Lott.
 {¶ 14} Appellant argues that the trial court erred in joining the cases under Crim. R. 13 because the cases were not related. Appellant argued that the cases were unrelated because the circumstances leading to his arrest in each of the cases were not similar. We find this argument to be without merit. The trial court determined that the subject matter was related, being that both cases involved charges of drug trafficking, and that the offenses occurred only 12 days apart. We find that joinder was procedurally appropriate under Crim. R. 13.
 {¶ 15} At trial, appellant also argued that the cases should have been severed because their joinder was prejudicial to him. In order to be entitled to severance, "[a] defendant * * * under Crim. R. 14 has the burden of affirmatively showing that his rights were prejudiced; he must furnish the trial court with sufficient information so that it can weigh the considerations favoring joinder against the defendant's right to a fair trial, and he must demonstrate that the court abused its discretion in refusing to separate the charges for trial." *Page 6 Torres, 66 Ohio St.2d 340 at syllabus. Appellant argued in the trial court that joinder was prejudicial because he could not offer testimony in one case without opening himself up to cross-examination in the other case. Appellant argued that he could not adequately defend himself against the more serious charges of the case involving the drugs discovered pursuant to execution of the search warrant without incriminating himself in the case involving less serious charges involving an observed hand-to-hand sale of marijuana. Appellant also argued that the state was attempting to use the charges in the less serious case to "get in prior bad acts to prove that [appellant] acted in conformity therewith." On appeal, appellant argues simply that the "rather straightforward evidence in the trafficking in marihuana case would be difficult to isolate and shake while the jury was deciding the more serious charges and the ambiguous evidence in the more serious case * * *." In the interest of justice, we interpret appellant's argument as presenting two claims of prejudice.
 {¶ 16} We first interpret appellant as arguing that the cumulatory effect of evidence made it more likely that a jury would find, based on the volume of evidence, that he was guilty of the more serious crimes, though those crimes are based allegedly on ambiguous evidence. The Ohio Supreme Court has stated that consolidation is not prejudicial where "the evidence is direct and uncomplicated and can reasonably be separated as to each offense[.]" Torres at 344, citing United States v.Catena (C.A.3, 1974), 500 F.2d 1319, certiorari denied 419 U.S. 1047, 95 S.Ct. 621. We find appellant's argument that the evidence is ambiguous to be without merit. Appellant's residence was searched and drugs and firearms were discovered. Appellant's girlfriend testified that the drugs and firearms belonged to him. We find that the evidence against appellant is not weak and insubstantial. See Torres at 343. Furthermore, we find that the evidence is sufficient to sustain the verdict. SeeState v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 170.
 {¶ 17} We next interpret appellant as arguing that certain trial tactics were foreclosed *Page 7 
by the consolidation. At trial, appellant argued that the consolidation of the cases prevented him from being able to testify in one case without opening himself to cross-examination in the other case. Appellant failed to identify either to the trial court or to this court exactly what kind of testimony he could have offered had the cases not been consolidated and how such testimony might have influenced the outcome of the case. Accordingly, this court finds that the trial court did not abuse its discretion when it refused to sever the cases. SeeTorres at 344.
 {¶ 18} Furthermore, appellant's trial counsel did not renew the motion to sever at the close of the state's case or at the close of all of the evidence, and it is as such deemed to be waived. State v. Miller (1995),105 Ohio App.3d 679, 691.[1]
 {¶ 19} For the foregoing reasons, appellant's second assignment of error is overruled.
 {¶ 20} Appellant's third assignment of error states:
 {¶ 21} "THE VERDICT ON THE GUN SPECIFICATION AND THE FINDING THAT THE OFFENSES STATED IN COUNTS ONE, TWO AND THREE OF CASE 2006 5076 WERE COMMITTED WITHIN THE VICINITY OF A JUVENILE WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND/OR WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. State v. Wilson, Warren App. No. CA2006-01-007, 2007-Ohio-2298, ¶ 33. *Page 8 
In reviewing a record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. When reviewing the sufficiency of the evidence, this court must decide whether the state has met its burden of production at trial, whereas a manifest weight argument questions whether the state has met its burden of persuasion. Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). In determining whether a conviction is against the manifest weight of the evidence, the court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.Wilson at ¶ 34. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, at *2. Therefore, we will address appellant's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of appellant's claim regarding sufficiency.
 {¶ 23} Appellant argues that the finding of guilty as to the gun specification was supported by insufficient evidence and was against the manifest weight of the evidence. R.C. 2941.141, regarding the firearm specification, provides, in part: "(A) Imposition of a one-year mandatory term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment * * * specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the *Page 9 
offense."
 {¶ 24} There is no direct evidence on the record to indicate that appellant had firearms on or about his person while committing offenses. Several courts have considered application of the "under the offender's control" provision of the statute in cases involving only constructive possession of a firearm. These cases have found that the state show the defendant had dominion or control over the weapon for purposes of R.C. 2941.141 by proving constructive possession. See State v. Benton, Cuyahoga App. No. 82810, 2004-Ohio-3116. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession." Id., citing State v. Hankerson (1982),70 Ohio St.2d 87, at syllabus.
 {¶ 25} Whether a defendant is in constructive possession of a firearm is a fact specific determination. Several cases have determined that constructive possession has occurred under circumstances similar to this case. In State v. Brown (1995), 107 Ohio App.3d 194, the Third Appellate District determined the appellant was in constructive possession of a firearm where the gun was found between the mattress and box spring in his bedroom, but he was lying on the couch in the living room at the time of his arrest. In State v. Spurlock, Hancock App. No. 5-03-11,2003-Ohio-6006, the police found a handgun on the nightstand across the bedroom from where appellant was arrested. The Third District again found that constructive possession had occurred. The Eighth District Court of Appeals has affirmed a firearm specification in a drug trafficking offense in a case where there was a gun hanging on a wall in a bedroom in which drugs were also located in the appellant's apartment.State v. Seljan, Cuyahoga App. No. 89845, 2008-Ohio-1707, ¶ 21. The Eighth District also affirmed a case in which a gun was unloaded in a dresser drawer, along with drugs, in an apartment. The appellant was arrested in a downstairs room of the apartment. State v. Conway, *Page 10 
Cuyahoga App. No. 86140, 2005-Ohio-6634, ¶ 12.
 {¶ 26} Similarly, in State v. Benton, Cuyahoga App. No 82810,2004-Ohio-3116, ¶ 21-29, the Eighth Appellate District found that the appellant was in constructive possession of a firearm where the firearm was located in the console of a car along with drugs that belonged to the appellant. The Benton court explicitly rejected the assertion that the underlying drug offense and corresponding firearm possession occur only at the moment the police execute the search warrant. TheBenton court discussed State v. Powell (1991), 59 Ohio St.3d 62, 63, in which the Ohio Supreme Court considered whether imposition of a firearm specification is proper where the firearm is not "used actively" in the commission of a felony. The Benton court noted that the Ohio Supreme Court had found in Powell that the firearm specification statute "does not require that the firearm be used in the commission of the felony, or that the defendant acquire the firearm before beginning the crime; all that is necessary is that the defendant have the firearm on his person or under his control at some point during the commission of the crime."Benton at ¶ 29, quoting Powell at 63. We agree with the Benton court's analysis and find it compelling in this case.
 {¶ 27} In the case at bar, appellant lived in the residence where the drugs and the firearms were found. The firearms were found in a closet in the living room, and ammunition for each of the firearms was discovered in a dresser drawer in the master bedroom of the apartment with other items, including a wallet, belonging to appellant. The state presented a receipt and store video surveillance indicating that appellant purchased the ammunition. Workman testified that the firearms were not hers and that she did not know how the firearms came to be located in the box in the closet of the apartment. Appellant had knives and drugs on his person when he was searched incident to his arrest. Based on this evidence, we cannot say that the jury lost its way when it determined beyond a reasonable doubt that appellant was in possession of the firearms at some point during the commission of the drug *Page 11 
trafficking offenses although the gun was not carried on his person or even immediately accessible to him when the search warrant was executed or during his arrest. See Benton at ¶ 30.
 {¶ 28} Appellant also argues that the finding of guilty on the specification that the offense occurred in the presence of a juvenile is not supported by sufficient evidence and is against the manifest weight of the evidence. We note that in other cases where juveniles have resided in a home in which drug trafficking has occurred, courts have found that a rational trier of fact could find that the specification of commission of the crime in the vicinity of a juvenile was proven beyond a reasonable doubt. State v. Flores, Wood App. Nos. WD-04-012, WD-04-050, 2005-Ohio-3355, ¶ 46; State v. Smallwood, Wayne App. No. 07CA0063, 2008-Ohio-2107, ¶ 26. This goes to the sufficiency of the evidence. The unrebutted testimony in the case at bar was that Workman's two young children lived in the apartment. Significant amounts of several different drugs were found in the apartment when the search warrant was executed. We find that the fact that neither appellant nor the children were in the apartment at the time the search warrant was executed is not dispositive. As discussed above, drug trafficking is a crime that occurs not only at the time of the execution of the search warrant or the arrest of the defendant, but encompasses a larger time frame because it includes not only selling or attempting to sell controlled substances, but also the activities of preparing for shipment, shipping, transporting, delivering, preparing for distribution, or distributing controlled substances. R.C. 2925.03(A); see Benton at ¶ 29. We find that the jury did not lose its way when it determined beyond a reasonable doubt that Workman's children were present during the commission of the crime. As such, we find that the verdict on the specifications was neither against the manifest weight of the evidence nor lacking sufficient evidence.
 {¶ 29} For the foregoing reasons, appellant's third assignment of error is overruled. *Page 12 
 {¶ 30} Appellant's fourth assignment of error states:
 {¶ 31} "THE TRIAL COURT ERRED BY ORDERING THE DEFENDANT TO SERVE HIS SENTENCES CONSECUTIVELY ON ALL FIVE COUNTS OF WHICH HE WAS FOUND GUILTY."
 {¶ 32} Appellant argues that the trial court abused its discretion in imposing consecutive sentences on each of the five charges of which he was convicted. Appellant argues that the statutory rule that Ohio sentencing favors concurrent terms survives after the Ohio Supreme Court's landmark sentencing case of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, ¶ 66. Accordingly, appellant argues that the trial court erred in ordering that he serve each sentence consecutively because the result, a sentence of approximately 15 years in prison, is not "reasonably calculated to achieve the overriding purposes of sentencing commensurate with the seriousness of [appellant's] conduct." However, the Ohio Supreme Court has recently stated that the common law presumption of consecutive sentences has been reinstated post-Foster. State v. Bates, Slip Opinion No. 2008-Ohio-1983, ¶ 18. Appellant is correct, however, that the trial court's discretion continues to be limited by the "`purposes and principles of sentencing' provision articulated and set forth in R.C. 2929.11 and 2929.12." See id.
 {¶ 33} Appellant did not raise this issue before the trial court, and as such has failed to preserve the right to raise this issue on appeal.State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 377. A forfeited claim is still subject to scrutiny under a plain error analysis. Id. at ¶ 378. "A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial." Id., citing State v. Barnes (2002),94 Ohio St.3d 21, 27; Crim. R. 52(B).
 {¶ 34} The trial court judge indicated in the sentencing hearing that he considered the oral statements made, the facts presented during the trial, and the criminal history of *Page 13 
appellant. He stated that he considered the purposes and principles of felony sentencing, the seriousness of the crimes, and the recidivism factors, as well as the need for deterrence, incapacitation, rehabilitation, and restitution. The court noted appellant's extensive criminal history and explicitly found that recidivism was likely.
 {¶ 35} The trial court imposed a sentence within the statutory guidelines for each offense. After doing so, the court considered the relevant factors and determined that consecutive sentences were necessary in light of the purposes of sentencing and the seriousness of appellant's conduct. There is no obvious error in the trial court's decision. Accordingly, appellant's fourth assignment of error is overruled.
 {¶ 36} Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] While this result is not mandated by the plain language of Crim. R. 14, Ohio courts have adopted such a common law rule in accordance with interpretation by the federal courts of Fed.R.Crim.P. 14. See State v.Owens (1975), 51 Ohio App.2d 132, 146. *Page 1