[Cite as *State v. Jones*, 2013-Ohio-1134.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
|  | : | William B. Hoffman, J. |
| Plaintiff-Appellee | : | Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : | Case No. 2012 CA 00178 |
|  | : |  |
|  | : |  |
| JEFFREY JONES | : | O P I N I O N |
| Defendant-Appellant |  |  |

CHARACTER OF PROCEEDING: Criminal Appeal from Stark County
Court of Common Pleas Case No.
2010-CR-0458

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 22, 2013

APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
Prosecuting Attorney
Stark County, Ohio

BY: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

For Defendant-Appellant

JEFFREY JONES
Inmate # 600-162
Marion Correctional Institution
P.O. Box 57
Marion, Ohio 43301

*Hoffman, J.*

{¶1} Defendant-Appellant Jeffrey Jones appeals the September 10, 2012 Judgment Entry of the Stark County Court of Common Pleas denying his Motion to Vacate or Set Aside Sentence. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On May 18, 2010, the Stark County Grand Jury indicted Appellant on two counts of felonious assault in violation of R.C. 2903.11(A)(2), felonies of the second degree, one count of domestic violence in violation of R.C. 2919.25(A), a felony of the third degree, and one count of intimidation of an attorney, victim or witness in violation of R.C. 2921.04(B), also a felony of the third degree. The felonious assault counts were accompanied by firearm specifications. At his arraignment of December 23, 2010, Appellant entered a plea of not guilty to the charges.

{¶3} Subsequently, on January 20, 2011, Appellant withdrew his former not guilty plea and pleaded guilty to all of the charges contained in the Indictment. As memorialized in a Judgment Entry filed on January 24, 2011, Appellant was sentenced to concurrent two (2) year prison terms on each of the four offenses. The trial court also merged the firearm specifications and imposed a mandatory consecutive three (3) year sentence on the firearm specification, for an aggregate prison sentence of five (5) years.

{¶4} Appellant did not file a direct appeal.

{¶5} On January 6, 2012, Appellant filed a Motion to Withdraw Plea. Pursuant to a Judgment Entry filed on January 27, 2012, such motion was denied.

{¶6} Thereafter, on June 4, 2012, Appellant filed a Motion to Vacate and Set Aside Void Sentence Pursuant to R.C. 2941.25. Appellant, in his motion, argued the trial

court had failed to merge his conviction for domestic violence with one of his convictions for felonious assault because the same were allied offenses of similar import. Appellant noted the victim with respect to both offenses was his former girlfriend.

{¶7}  As memorialized in a Judgment Entry filed on September 10, 2012, the trial court denied Appellant's motion.

{¶8}  Appellant now raises the following assignment of error on appeal:

{¶9}  "TRIAL COURT ERRED WHEN CONVICTING OF CHARGES THAT WERE TO BE MERGED AS ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO OHIO REVISED CODE 2941.25."

I

{¶10} Appellant, in his sole assignment of error, argues the trial court erred in denying his Motion to Vacate and Set Aside Sentence. Appellant specifically maintains the trial court erred in failing to merge his convictions for felonious assault and domestic violence because both involved the same victim.

{¶11} Appellant had a prior opportunity to litigate the allied-offenses claims he sets forth in the instant appeal via a timely direct appeal from the sentencing hearing and resulting judgment entry dated January 24, 2011. His most recent round of arguments are, therefore, barred under the doctrine of res judicata. *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). The *Perry* court explained the doctrine as follows: "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could

have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *Id.*

{¶12} Appellant's argument regarding allied offenses could have been raised on direct appeal from the trial court's sentencing entry, and res judicata applies even though Appellant never pursued a direct appeal. *State v. Jones,* 5th Dist. No. 12CA22, 2012–Ohio–4957, ¶ 23.

{¶13} Appellant's sole assignment of error is overruled.

{¶14} The judgment of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Delaney, J. concur

s/ William B. Hoffman _____

s/ W. Scott Gwin _____

s/ Patricia A. Delaney _____

WBH/d0305

[Cite as *State v. Jones*, 2013-Ohio-1134.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY JONES | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2012 CA 00178 |

For the reason stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

s/ William B. Hoffman_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____