[Cite as *State v. Piasecki*, 2013-Ohio-1191.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98952

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANK A. PIASECKI III

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-539363, CR-539494 and CR-540459

**BEFORE:**  Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**  March 28, 2013

**FOR APPELLANT**

Frank A. Piaseck, III, Pro Se
Inmate No. 593-587
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio   44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant County Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Frank Piasecki,[1] appeals the trial court's judgment denying his motion "to vacate and set aside and correct" his sentence in three separate cases. Finding no merit to his appeal, we affirm.

Procedural History

{¶2} In July 2010, Piasecki was indicted on multiple counts in three cases. In Cuyahoga C.P. No. CR-539363, he was indicted on 16 counts of aggravated robbery, robbery, and theft, alleging that the dates of the offenses took place from April 12, 2010 to June 27, 2010, at different locations with several different victims. In Cuyahoga C.P. No. CR-539494, Piasecki was indicted on four counts of aggravated robbery, robbery, and theft, with the alleged offenses occurring from May 5, 2010 to June 27, 2010, at different locations and with different victims. In August 2010, Piasecki was indicted in Cuyahoga C.P. No. CR-540459 on four counts of robbery and theft, alleging that the incident took place on August 2, 2010, at one location with one victim.

{¶3} In October 2010, Piasecki entered into a packaged plea deal involving all three cases. In Case No. CR-539363, Piasecki pleaded guilty to four counts of robbery and one count of aggravated robbery, with the agreement that he would pay restitution to

_____

[1]Appellant, who is pro se, spelled his name Frank Piaseck on his notice of appeal, but he appears to have signed his name Frank Piasecki. Appellant also spelled his name Frank Piasecki, III, in his appellate brief, and appears to have signed it Frank Piasecki, III. In the caption in the trial court, his name was spelled Frank Piasecki. Accordingly, per App.R. 11(A), we will spell his name as it was spelled in the trial court.

two victims: $463 to CVS pharmacy and $750 to Colonial Eatery restaurant. In Case No. CR-539494, Piasecki pleaded guilty to one count of an amended charge of attempted robbery and one count of aggravated robbery, with the agreement that he would pay restitution in the amount of $50 to K-Mart. In Case No. CR-540459, he pleaded guilty to one count of robbery, with $24 in restitution to CVS pharmacy.

{¶4} The trial court sentenced Piasecki in November 2010 on all three cases. In Case No. CR-539363, the trial court sentenced Piasecki to five years in prison: two years on the four robbery counts and five years on the aggravated robbery count, all to run concurrent to each other, but consecutive to the sentences in Case Nos. CR-539494 and CR-540459. The trial court further ordered that Piasecki pay restitution in the amount of $463 to CVS pharmacy and $750 to Colonial Eatery restaurant, and notified Piasecki that he would be subject to a mandatory term of five years of postrelease control upon his release from prison.

{¶5} In Case No. CR-539494, the trial court sentenced Piasecki to five years in prison: five years on aggravated robbery and 18 months on attempted robbery, to run concurrent to each other but consecutive to the sentences in Cuyahoga C.P. Nos. CR-539363 and CR-540459. The trial court further ordered that Piasecki pay $50 in restitution to K-Mart, and notified Piasecki that he would be subject to a mandatory term of five years of postrelease control upon his release from prison.

{¶6} In Case No. CR-540459, the trial court sentenced Piasecki to two years in prison for robbery, to run consecutive to the sentences he received in Case Nos.

CR-539363 and CR-539494. The trial court further ordered that Piasecki pay $24 in restitution to CVS pharmacy, and notified Piasecki that he would be subject to a mandatory term of three years of postrelease control upon his release from prison. The aggregate prison term for all three cases was 12 years. Piasecki did not appeal his convictions or sentence.

{¶7} In June 2011, Piasecki filed a petition for postconviction relief, alleging that his trial counsel was ineffective for advising him to plead guilty in all three cases without obtaining adequate discovery. He further argued that he did not understand the nature of the charges against him because his trial counsel failed to obtain discovery. The trial court denied Piasecki's petition.

{¶8} In August 2011, Piasecki moved for "a final appealable order on the findings" with respect to his sentence. In this motion, Piasecki requested the trial court resentence him. Although his motion was vague, he asserted that the "reason for this request for final appealable order on the findings relate to not properly being informed that appeal on the sentences was possible if a constitutional question arose to warrant multiple punishments in violation of the Fifth Amendment[.]" He further argued that "there are multiple punishments contrary to law and reflect that the sentences are contrary to law." The trial court denied his motion.

{¶9} In August 2012, Piasecki moved to vacate and set aside and correct his sentence. In this motion, Piasecki argued that (1) he was not properly advised at his sentencing hearing of his right to appeal under Crim.R. 32(B), (2) the trial court did not

properly consider R.C. 2929.12 before imposing more than the minimum sentence, and (3) the trial court erred in convicting him of allied offenses. The trial court denied his motion. It is from this judgment that Piasecki appeals, raising seven assignments of error for our review:

1. Trial court abused its discretion by entering an incorrect journal entry.

2. Trial court erred in not advising of right to appeal pursuant to [Crim.R.] 32(B).

3. Trial court erred by not considering the necessary factors set forth in [R.C.] 2929.11 and 2929.12.

4. Trial court erred in accepting plea without first determining that an understanding of the nature of the charge was made.

5. Trial court erred when convicting of charges that were to be merged as allied offenses of similar import pursuant to [R.C.] 2941.25.

6. Trial counsel rendered ineffective assistance of counsel.

7. Trial court denied motion to vacate and set aside and correct sentence without a hearing.

{¶10} We will address Piasecki's assignments of error together and out of order where necessary for ease of discussion.

Untimely Petition for Postconviction Relief

{¶11} A vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where (1) the motion was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation

of the judgment and sentence. *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997). After review, we find that Piasecki's motion meets these four requirements. Accordingly, we shall construe Piasecki's motion to vacate and set aside and correct his sentence as a petition for postconviction relief. *See also State v. Meincke*, 8th Dist. No. 96407, 2011-Ohio-6473.

{¶12} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction. *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48. The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions. R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶13} R.C. 2953.21 was amended by Am.Sub.S.B. No. 4 ("S.B. 4") on September 21, 1995. While former R.C. 2953.21 provided that a postconviction petition could be filed "at any time" after the petitioner's conviction, the statute now provides that the petition must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 after the expiration of the time in which a direct appeal could have been filed.

**{¶14}** Here, Piasecki did not file his motion until well beyond the 180 days after the expiration of the time to file his direct appeal. It was also his third petition as he filed one in June 2011 and August 2011 (motion for "final appealable order on findings" also requested the court vacate his sentence) as well. *See State v. McAllister*, 10th Dist. No. 06AP-843, 2007-Ohio-1816, ¶ 6 (vaguely titled motion to correct or vacate sentence should be construed as a motion for postconviction relief under R.C. 2953.21); *State v. Holdcroft*, 3d Dist. No. 16-06-07, 2007-Ohio-586, ¶ 11 (claim for denial of rights and seeking to void judgment and vacate sentence filed after the time for direct appeal had passed properly construed as a petition for postconviction relief). Piasecki did not appeal the trial court's denial of his first and second petitions for postconviction relief.

**{¶15}** Prior to S.B. 4, R.C. 2953.23(A) provided that "the court may, in its discretion and for good cause shown, entertain a second petition or successive petitions for similar relief on behalf of the petitioner based upon the same facts or on newly discovered evidence." Under S.B. 4, the phrases in the former statute, "in its discretion and for good cause shown" and "upon the same facts," were replaced by a two-pronged test. R.C. 2953.23(A)(1) allows a trial court to entertain an untimely or successive petition only if:

> (1) the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right.

R.C. 2953.23(A)(1)(a). If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial,

no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶16} Therefore, unless it appears from the record that Piasecki was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to Piasecki, and that but for constitutional error at trial, no reasonable factfinder would have found Piasecki guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

## Analysis

{¶17} Piasecki's appeal is without merit for multiple reasons. Primarily, Piasecki does not even allege, let alone establish, any of the requirements necessary to bring a successive and untimely petition for postconviction relief. Piasecki does not claim that he was unavoidably prevented from discovering the facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Nor does he assert that but for a constitutional error at trial, no reasonable factfinder would have found Piasecki guilty. Accordingly, the trial court was without jurisdiction to address his petition.

{¶18} Further, several of the issues that he raises in this appeal, including his first (his sentencing entry does not reflect what occurred at the sentencing hearing), fourth (trial court did not ensure that he understood the charges that he pleaded guilty to), and sixth (trial counsel was ineffective) assignments of error, were not raised in his third

petition for postconviction relief — the petition that is now before us. Thus, we need not address these issues here.

{¶19} The only issues that he did raise in his third petition for postconviction relief are set forth in his second (was not advised of his right to appeal), third (did not consider R.C. 2929.11 and 2929.12 when sentencing him), and fifth (sentenced him for allied offenses of similar import) assignments of error. But the issues that he raises in his second and third assignments of error, he already raised in his second petition for postconviction relief. The trial court denied his second petition for postconviction relief, and he did not appeal. Because the issues that he raises in his second and third assignments of error were previously raised in his second postconviction relief petition, which were denied by the trial court, he is barred by res judicata from raising these same issues in a subsequent petition. *See State v. Miller*, 8th Dist. No. 75919, 1999 Ohio App. LEXIS 3485 (July 29, 1999).

{¶20} In his fifth assignment of error, he contends that the trial court erred by imposing "multiple punishments" for allied offenses of similar import. The record reflects, however, that in each of his eight convictions of attempted robbery, robbery, and aggravated robbery, there were eight different victims. Thus, Piasecki's convictions were not allied offenses of similar import. *State v. Chaney*, 8th Dist. No. 97872, 2012-Ohio-4933, ¶ 28.

{¶21} In his seventh assignment of error, he contends that the trial court erred by not holding an evidentiary hearing on his motion. If, however, the petition for

postconviction relief, as well as the files and records, show that the petitioner is not entitled to relief, the court may dismiss the petition without an evidentiary hearing. R.C. 2953.21(C). Further, because we have found no error with the trial court's decision because it lacked jurisdiction under R.C. 2953.23(A)(1), it follows that the trial court did not err in failing to conduct a hearing. *See State v. Martin*, 10th Dist. No. 05AP-495, 2006-Ohio-4229, ¶ 23; *State v. Peoples*, 1st Dist. No. C-050620, 2006-Ohio-2614, ¶ 10 (trial court "need not conduct a hearing on a postconviction claim that the court has no jurisdiction to entertain.").

**{¶22}** Thus, Piasecki's seven assignments of error are overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR