[Cite as *State v. Wilkins*, 2013-Ohio-5372.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-05-012 |
| | : | O P I N I O N |
| - vs - | | 12/9/2013 |
| | : | |
| DION G. WILKINS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI2006-5076

Richard W. Moyer, Clinton County Prosecuting Attorney, 103 East Main Street, Wilmington, Ohio 45177, for plaintiff-appellee

Dion G. Wilkins, #A546-871, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Dion G. Wilkins, appeals pro se a decision of the Clinton County Court of Common Pleas denying his motion to vacate and set aside his conviction and sentence. For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2} In March 2007, appellant was convicted by a jury of having weapons while under disability and trafficking in cocaine, crack cocaine, and heroin. Appellant was sentenced to a 15-year prison term.

{¶ 3} Appellant directly appealed his conviction and sentence to this court. *State v. Wilkins*, 12th Dist. Clinton No. CA2007-03-007, 2008-Ohio-2739. This court affirmed appellant's convictions and sentence after concluding, in part, that appellant's motion to suppress was properly denied, his conviction for having weapons while under disability was not against the manifest weight of the evidence, and the trial court did not err in imposing consecutive sentences. *Id.*

{¶ 4} On March 25, 2013, appellant filed a motion to vacate and set aside his conviction and sentence, arguing the trial court erred by imposing consecutive sentences and by failing to merge his convictions, as the offenses were allied offenses of similar import. The state did not file a memorandum in opposition. On May 6, 2013, the trial court issued a decision denying appellant's motion. Appellant timely appealed, raising two assignments of error.

{¶ 5} Assignment of Error No. 1:

{¶ 6} IF THE [APPELLANT] IS SUBJECT TO RES JUDICATA THEN THE STATE OF OHIO SHOULD BE SUBJECT TO RES JUDICATA BASED ON THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO RESENTENCE ON A MOTION TO VACATE AND SET ASIDE CONVICTION AND SENTENCE BASED ON THE DOUBLE JEOPARDY CLAUSE PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS AND OHIO REVISED CODE R.C. [SIC] 2941.25.

{¶ 9} In his first and second assignments of error, appellant argues the trial court

- 2 -

erred by denying his motion to vacate. Appellant contends his 15-year sentence is void because the trial court did not comply with R.C. 2929.12 when imposing consecutive sentences and did not merge his sentences for trafficking with his sentence for having weapons while under disability. Appellant further contends the doctrine of res judicata cannot bar his claims as res judicata "cannot bar a court from correcting an error where there exists no statutory authority to support a judgment."

{¶ 10} As we have previously recognized, a vaguely titled motion, including a motion to correct or vacate a sentence, may be construed as a petition for postconviction relief under R.C. 2953.21(A)(1) where the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence. *State v. Chattams*, 12th Dist. Butler No. CA2009-01-011, 2009-Ohio-6172, ¶ 14, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160-161 (1997). *See also State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 11. As appellant's motion meets these four requirements, we shall construe his motion to vacate and set aside his conviction and sentence as a petition for postconviction relief.

{¶ 11} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. For this court to find an abuse of discretion we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.* Furthermore, a reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence.

*Wagers* at ¶ 15.

{¶ 12} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. *Piasecki* at ¶ 12. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed. Here, appellant did not file his motion until well beyond the 180-day expiration date. Appellant's trial transcripts were filed on June 4, 2007. His motion was not filed until March 25, 2013, which is clearly outside the applicable time period.

{¶ 13} R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely filed petition for postconviction relief if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b); *Chattams*, 2009-Ohio-6172 at ¶ 17.

{¶ 14} Here, appellant has not advanced, nor could he demonstrate, either of the prerequisites for entertaining an untimely petition for postconviction relief. Appellant does not claim he was unavoidably prevented from discovering facts necessary for his claim of relief or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to him. Nor does he assert that, but for a constitutional error at trial, no reasonable fact finder would have found him guilty of having weapons while under disability

- 4 -

or trafficking in cocaine, crack cocaine and heroin. Appellant therefore failed to satisfy the requirements necessary to entertain an untimely petition for postconviction relief. *See id* at ¶ 18; *Piasecki*, 2013-Ohio-1191 at ¶ 17.

{¶ 15} Furthermore, appellant's argument that the court erred by imposing consecutive sentences was addressed and rejected by this court on appellant's direct appeal. *Wilkins*, 2008-Ohio-2739 at ¶ 31-35. Appellant is barred from raising his argument for a second time by the doctrine of res judicata. *See Wagers*, 2012-Ohio-2258 at ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus (holding that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment").

{¶ 16} The doctrine of res judicata also bars consideration of appellant's argument that the trial court erred by imposing multiple sentences for allied offenses of similar import. *See State v. Collins*, 12th Dist. Butler No. CA2001-09-214, 2002-Ohio-3729, ¶ 8-11 (holding that appellant's claim that his convictions for rape and kidnapping were allied offenses could not be used as a "basis for a petition for postconviction relief" as his claim was barred by the doctrine of res judicata); *State v. Jones*, 5th Dist. Stark No. 2012 CA 00178, 2013-Ohio-1134, ¶ 10-12.

{¶ 17} Appellant's first and second assignments of error are without merit and are, therefore, overruled.

{¶ 18} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.