[Cite as *State v. Keith*, 2014-Ohio-169.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2013-07-131 |
| | : | O P I N I O N |
| - vs - | | 1/21/2014 |
| | : | |
| TROY LEE KEITH, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2005-04-0646


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Troy Lee Keith, #A515-428, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Troy Lee Keith, appeals pro se a decision of the Butler County Court of Common Pleas denying his motion to vacate his sentence as a result of a sentencing error. For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2} In April 2005, the Butler County Grand Jury returned a 46-count indictment against appellant stemming from his role in a mortgage foreclosure scheme. The indictment

charged that, from August 1, 2003 through March 31, 2004, appellant operated a business that took money from multiple homeowners facing foreclosure after falsely promising that he could help the individuals keep their homes. Appellant told the homeowners that, if they transferred their homes to him and paid him a processing fee, he would stop the sheriff's sales and would eventually resell the homeowners their property. Although the homeowners executed quitclaim deeds in favor of appellant, paid appellant processing fees, made rental payments to appellant, and were told repeatedly that appellant was working with their mortgage companies to negotiate a deal, appellant did not use the money to recover any of the real estate from foreclosure and did not negotiate on behalf of the homeowners to save their homes. The indictment further alleged that appellant engaged in a pattern of corrupt activity and tampered with government records in furtherance of his mortgage foreclosure scheme.

{¶ 3} Following a jury trial in October 2005, appellant was convicted of six counts of grand theft, three counts of theft with a specification that the victim was elderly, 17 counts of theft, 14 counts of tampering with records, with the specification that the records were government documents, and one count of engaging in a pattern of corrupt activity. Appellant was sentenced by Judge Keith M. Spaeth to serve 23 years and two months in prison and ordered to pay restitution to his victims in the amount of $98,250.50.

{¶ 4} In February 2006, prior to directly appealing his conviction and sentence, appellant filed a motion for new trial. He subsequently filed a petition for postconviction relief on the basis that the prosecutor failed to disclose evidence pertinent to his defense and on the basis that he received ineffective assistance of counsel. Appellant's motion for new trial and his motion to vacate were denied by the trial court on June 5, 2006.

{¶ 5} Thereafter, appellant directly appealed his conviction and sentence. In *State v. Keith*, 12th Dist. Butler No. CA2007-07161, 2008-Ohio-348 (hereafter, *Keith I)*, this court

affirmed in part and reversed in part appellant's convictions. Two of appellant's convictions for grand theft and 14 of appellant's convictions for tampering with records were reversed and remanded to the trial court for reduction to a lesser included offense and resentencing. *Id.* at ¶ 49. This court also reversed and remanded a portion of the trial court's restitution order and remanded the case for resentencing on all counts pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 6} Appellant was resentenced in April 2008 by Judge Craig D. Hedric to serve 24 years and two months in prison and pay restitution to his victims in the amount of $92,274.21. Appellant, who was represented by appointed counsel, appealed his sentence, arguing in his sole assignment of error that the trial court erred by vindictively ordering a greater sentence on reduced charges. In an accelerated judgment entry, this court overruled appellant's assignment of error after concluding that appellant failed to demonstrate that the new sentence was motivated by actual vindictiveness. *State v. Keith*, 12th Dist. Butler No. CA2008-05-129 (Jan. 30, 2009) (Accelerated Calendar Judgment Entry) (hereafter, *Keith II*). This court concluded that the increased sentence, "pronounced by a judge different from the one who imposed the original sentence" was supported by the record. *Id.*

{¶ 7} In June 2007, while appellant's direct appeal in *Keith I* was pending before this court, appellant filed his second petition for postconviction relief with the trial court, again arguing that his trial counsel was ineffective. The motion was denied by the trial court in August 2007. This court upheld the denial of appellant's second petition for postconviction relief in *State v. Keith*, 12th Dist. Butler No. CA2007-09-210 (Nov. 3, 2008) (Accelerated Calendar Judgment Entry).

{¶ 8} Appellant filed a third petition for postconviction relief in August 2008, which was subsequently denied by the trial court on September 2, 2008. Four years later, on September 17, 2012, appellant filed his fourth petition for postconviction relief, entitled

"Motion to Vacate Sentence for Sentencing Error at Re-Sentencing." In this petition, appellant argues the trial court committed plain error by failing to merge his theft offenses as allied offenses of similar import and by imposing an excessive sentence as a result of the re-sentencing judge's "implicit bias." On July 3, 2013, the trial court denied appellant's motion to vacate.

{¶ 9} Appellant timely appealed the denial of his motion, setting forth three assignments of error. For ease of discussion, we will address appellant's second and third assignments of error together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} [THE] TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED [APPELLANT] TO MULTIPLE DEFENSES STEMMING FROM THE SAME CONDUCT WITHOUT HOLDING A MERGER HEARING TO MAKE A DETERMINATION IF [SIC] [APPELLANT'S] CONDUCT CONSTITUTED ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. 2941.25.

{¶ 12} In his first assignment of error, appellant argues the trial court erred in denying his motion to vacate his sentence without considering the issue of whether his multiple theft offenses constituted allied offenses of similar import pursuant to R.C. 2941.25. Appellant contends that the Double Jeopardy Clause of the Fifth Amendment and *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, prevents the court from imposing multiple punishments for the same offense.

{¶ 13} "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21" *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. As appellant's motion was filed subsequent to a direct appeal, claimed a denial of his

constitutional rights under the Double Jeopardy Clause, sought to render the judgment void, and asked for a vacation of his sentence, his motion to vacate is properly construed as a petition for postconviction relief. *See State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10.

{¶ 14} A postconviction relief proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8. "In reviewing an appeal of postconviction relief proceedings, this court applies an abuse of discretion standard." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 10, citing *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 15. For this court to find an abuse of discretion we must find more than an error of judgment; we must find that the trial court's ruling was unreasonable, arbitrary, or unconscionable. *Id.* Furthermore, a reviewing court will not overrule the trial court's finding on a petition for postconviction relief where the finding is supported by competent and credible evidence. *Wagers* at ¶ 15.

{¶ 15} R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. *Wilkins*, 2013-Ohio-5372 at ¶ 12, citing *State v. Piasecki*, 8th Dist. Cuyahoga No. 98952, 2013-Ohio-1191, ¶ 12. R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed no later than 180 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed. Here, appellant did not file his motion until well beyond the 180-day expiration date. Appellant's trial transcripts for his direct appeal were filed on October 25, 2006. The current petition for postconviction relief was not filed until nearly six

years later, on September 17, 2012, which is clearly outside the applicable time period.

{¶ 16} R.C. 2953.23(A)(1)(a) allows a trial court to entertain an untimely filed petition for postconviction relief if the petitioner demonstrates either: (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief; or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and the petitioner asserts a claim based on that right. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b); *State v. Chattams*, 12th Dist. Butler No. CA2009-01-011, 2009-Ohio-6172, ¶ 17.

{¶ 17} Here, appellant has not met the requirements of R.C. 2953.23(A)(1)(b). Appellant's arguments relate only to sentencing issues and do not address any issues relating to his guilt. As this court has previously held, "[t]he plain language of R.C. 2953.23(A)(1)(b) extends only to trial error and does not extend to sentencing errors, except those occurring within the capital punishment context." *State v. Carter*, 12th Dist. Clinton No. CA2006-03-010, 2006-Ohio-4205, ¶ 16, citing *State v. Schroyer*, 12th District Clermont No. CA2005-05-032, 2006-Ohio-1782, ¶ 23. Appellant, therefore, has not satisfied the requirements necessary to entertain an untimely petition for postconviction relief. *See id* at ¶ 17.

{¶ 18} Even if appellant had met the requirements of R.C. 2953.23(A)(1), his argument that the theft offenses are allied offenses of similar import is without merit. Appellant's argument is premised on the *Johnson* analysis for allied offenses, which was established by the Supreme Court in December 2010, well after appellant was convicted and sentenced. *See Johnson*, 2010-Ohio-6314 at ¶ 48-50. The *Johnson* analysis does not apply to appellant as "a new judicial ruling applies only to cases that are pending on the announcement date of

the new ruling, and may not be applied retroactively to a conviction that has become final." *State v. Boyce*, 2d Dist. Clark No. 11CA0095, 2012-Ohio-3713, ¶ 12. *See also State v. Kelly*, 8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 14; *State v. Hickman*, 5th Dist. Fairfield No. 11-CA-54, 2012-Ohio-2182, ¶ 17.

{¶ 19} Accordingly, appellant's first assignment of error is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND INFLICTED WITH CRUEL AND UNUSUAL PUNISHMENT BY THE JUDICIAL BIAS OF JUDGE CRAIG D. HEDRIC.

{¶ 22} Assignment of Error No. 3:

{¶ 23} UPON REMAND THE TRIAL COURT FAILED TO FOLLOW THIS COURT'S MANDATE TO RE-SENTENCE THE APPELLANT PURSUANT TO APPLICABLE SENTENCING STATUTES.

{¶ 24} In his second and third assignments of error, appellant challenges his April 2008 resentencing, arguing that he received a "grossly disproportionate" sentence by a vindictive judge.

{¶ 25} We find that appellant's claims are barred by the doctrine of res judicata, which states that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction, or on an appeal from that judgment." *Wagers*, 2012-Ohio-2258 at ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. In *Keith II*, appellant challenged his resentencing on the basis of Judge Hedric's alleged vindictiveness. We found no merit to his argument and res judicata bars appellant from attempting to re-litigate this issue. Similarly, the doctrine of res judicata also

bars consideration of appellant's claim that he received a disproportionate sentence as such claim could have, and should have, been raised in *Keith II*.

{¶ **26**} Appellant's second and third assignments of error are, therefore, overruled.

{¶ **27**} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.