**JOHNSON, ESTATE OF, In Re.**

Ohio Appeals, 8th District, Cuyahoga County.

No. 19023. Decided February 23, 1943.

Robert Merkle, Cleveland, and William F. Waldeisen, Cleveland, for claimant appellant.

H. L. Deibel, Cleveland, and Simon J. Friedman, Cleveland, for defendant appellee Klein.

## OPINION

By MORGAN, P. J.

Edward C. Porsberg, one of the two heirs of Lorenz C Johnson, deceased, filed a complaint based on §10506-67 GC, et seq., charging Frank A Klein, the administrator of the estate of Lorenz C. Johnson, deceased, with having fraudulently concealed, embezzled or conveyed away certain assets belonging to the estate.

After a hearing, the court found the administrator "not guilty" of the charge against him. From this judgment the complainant appeals.

The facts as disclosed by the evidence are as follows: Lorenz C. Johnson died intestate on September 29, 1938, and shortly thereafter Frank A. Klein, Assistant Postmaster of the City of Cleveland, and the father of Robert Klein, admittedly an heir of Lorenz C. Johnson, was appointed administrator of the estate.

Frank A. Klein when appointed administrator, was advised by his attorney that his son, Robert Klein, was the sole heir of the estate. The complainant in this proceeding, Edward C. Porsberg, is the son of a half brother of Lorenz C. Johnson. In November, 1940, more than two years after the appointment of Frank A. Klein as administrator, Edward C. Porsberg filed his petition in the Probate Court to determine heirship, claiming that he was a co-heir with Robert Klein of the Johnson estate. This claim was contested on the ground that Edward C. Porsberg's father was an illegitimate son of the common ancestor of complainant's father and of the father's half brother, Lorenz C. Johnson.

This litigation was decided by the Probate Court in favor of the claim of complainant, Edward C. Porsberg. This judgment was affirmed on an appeal to this court and a motion to certify the case was overruled by the Supreme Court of Ohio.

On June 2, 1942, counsel for Edward C. Porsberg mailed a letter to Frank A. Klein, administrator, in which it was stated that the administrator had failed to disclose certain personal property belonging to the estate of Lorenz C. Johnson, deceased, and the letter made "a formal demand upon you to file a supplementary inventory or account charging yourself with these additional assets, on or before June 10, 1942."

To this letter the attorneys for the administrator replied on June 9, 1942. In this letter the attorneys for the administrator stated:

"* * * . Nothing has been concealed at any time; but we have asked Mr. Klein to give us a complete statement of whatever there was. He is perfectly frank to tell us that there was a little old furniture which he gave away to charity and to a woman who worked for Mr. Johnson during his lifetime and after his death

without pay. Her name was Minnie Heyer. There was an old radio about 15 years old which Mr. Klein has at his house. It is worth somewhere between $2.00 and $5.00. There is a gold watch, old fashioned case, which is worth probably $5.00 for the gold that is in it. The money was fully accounted for, and there are four small rings—none of them diamond—which a jeweler told Mr. Klein were not worth more than $25.00 in the aggregate.

Mr. Klein further says that he will most gladly divide this stuff equally with Edward Porsberg, if in the final run-off, Edward wins half of the estate. Of course, up to this time Mr. Klein has assumed that his own son was the sole heir and has consulted him alone as to the disposition of the furniture and he did this under advice of counsel, because his counsel never have thought and do not think now that Edward Porsberg has any share in the Johnson estate, and they are waiting for an opportunity to demonstrate the validity of their position."

An experienced jeweler who testified for complainant placed a value on the four rings of $325.00 and on the watch and case of $11.00. While the administrator had no good reason for not including these articles in the inventory of the estate, there is no evidence in the record that he attempted to conceal them from the complainant, as is shown by the said letter of June 9th. The administrator still has the articles in his possession, in which complainant has a half interest.

The letter of June 9th signed by the attorneys for the administrator, referred to household furniture that the administrator had given to Minnie Heyer who had, as stated in the letter, "worked for Mr. Johnson during his lifetime, and after his death without pay." The evidence produced at the hearing was to the effect that Mr. Johnson before his death had told Minnie Heyer that she should have this furniture.

The administrator further testified that he had given Mr. Johnson's neighbors and an Outing Club "a little piping and such stuff" and that the value of these articles "wasn't very much."

The administrator explained his action in giving away these articles by the fact that it was done with the full approval of his son, and that at the time he believed (and was so advised by his attorney) that his son was the sole heir of Lorenz C. Johnson.

The administrator was not asked at the hearing to enumerate or to describe the articles so given away and complainant offered no evidence as to their value. The assets of the estate were appraised at over $8400.00 and their value for inheritance tax purposes was fixed at over $8900.00. It is a clear inference from the evidence that the value of the articles given away by the administrator was quite small as compared with the total value of the estate. If these articles could be shown to have any substantial value, the estate need

not be the loser as the administrator is a responsible citizen of the community and has furnished an administrator's bond in the amount of $2000 00, with a qualified corporate surety.

Proceedings brought under §10506-67 GC, are quasi-criminal in their character. If the administrator had been found guilty of the offense charged under §10506-74 GC, it is required that "he shall forthwith be removed by the Probate Court and the administration of the trust not already administered shall be committed to some other person or persons."

The finding by the Probate Court that the administrator was "not guilty" of the offense charged in the complaint clearly indicates that the Probate Court has confidence in the administrator and does not believe that he should be removed.

The judgment of the Probate Court is entitled to all the weight which would be given a verdict of "not guilty" by a jury.

It is our opinion that the evidence adduced in support of the complainant does not show that the administrator "concealed" any of the assets of the estate and that the evidence as to the administrator's "conveying away" some articles of little value belonging to the estate does not disclose anything criminal or quasi-criminal in his conduct and is not of such character as to justify this court in reversing the judgment of the Probate Court.

The judgment is affirmed. Exceptions noted.

SKEEL and LIEGHLEY, JJ., concur.