**LONGWORTH, Exr., Appellee,**

v.

**CHILDERS, Appellant.**

[Cite as *Longworth v. Childers*, 180 Ohio App.3d 162, 2008-Ohio-4927.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22151.

Decided Sept. 26, 2008.

David D. Brannon, for appellee.

W. Michael Conway, for appellant.

---

GRADY, Judge.

{¶ 1} Defendant, Paula Childers, appeals from an order of the probate division of the common pleas court finding that Childers concealed assets from the estate of her deceased mother, Joan Longworth, and ordering Childers to pay $8,020.79, plus ten percent penalty pursuant to R.C. 2109.52.

{¶ 2} Joan Longworth had five children: Donna, Mark, Damon, Childers, and Brian. Longworth entered the hospital on September 22, 2005. After her discharge, Longworth was admitted to a nursing home. While Longworth was at the nursing home, she gave Childers a power of attorney to handle her finances. Childers had access to Longworth's bank accounts, and according to Childers, she

also set up a bank account to pay her mother's bills. It is undisputed that Childers used some of Longworth's money to pay Longworth's bills.

{¶ 3} Longworth died on April 7, 2006. Her son, Damon, was appointed executor of Longworth's estate. Damon determined that between $8,000 and $16,000 of Longworth's funds was unaccounted for. On September 20, 2006, Damon commenced an action against Childers pursuant to R.C. 2109.50 for concealment of assets. The complaint alleged that Childers confiscated $2,500 in cash belonging to Longworth from the house of Longworth's grandson and removed personal property from Longworth's house. Damon further alleged that Childers systematically and unlawfully removed cash from Longworth's bank accounts. According to Damon, approximately $16,100 disappeared as a result of Childers's unlawful actions.

{¶ 4} An evidentiary hearing was held on November 15, 2006. On March 27, 2007, the probate court found Childers guilty of concealing assets of the estate of Joan Longworth and ordered her to pay Damon, as executor of Longworth's estate, $8,020.79, plus ten percent penalty and costs as required by R.C. 2109.52. Childers filed a motion for relief from judgment, arguing that the trial court erred in its calculations and should have ordered her to pay no more than $5,020.79. On April 25, 2007, Childers filed a timely notice of appeal.

First Assignment of Error

{¶ 5} "The trial court erred in deciding that defendant/appellant Paula Childers ignored all requests for the return of the money belonging to the estate."

Second Assignment of Error

{¶ 6} "The trial court erred in assuming that plaintiff/appellee requested that Paula Childers return funds to the estate, when plaintiff/appellee admitted on the record that he made no such request."

Fourth Assignment of Error

{¶ 7} "The trial court erred in assessing the ten percent penalty pursuant to R.C. 2109.52, where counsel for the fiduciary refused two attempts by the defendant/appellant to turn over the cash belonging to the estate and then filed the concealment of assets action."

{¶ 8} The first, second, and fourth assignments of error are interrelated and will be addressed together.

{¶ 9} The trial court found Childers guilty of concealing assets from the estate of Joan Longworth. The trial court found:

{¶ 10} "Paula opened a checking account at Liberty Bank in her own name in which she deposited sums withdrawn from her mother's account. Paula used these funds to pay for her mother's care, expenses to maintain the home, and for

a few funeral expenses when the mother died. The balance on hand is $5,020.79 and the defendant admitted to having $3,000 in cash that belongs to the estate.

{¶ 11} "The complaint alleges that the defendant concealed, embezzled or conveyed away assets belonging to the estate and plaintiff seeks to recover them pursuant to R.C. 2109.50. Plaintiff failed to prove by clear and convincing evidence that Paula took, sold, or gave away any other items of value belonging to the estate other than the money. Apparently, plaintiff requested that Paula return the funds to the estate.

{¶ 12} "Due to the strained relationships between the parties, Paula ignored all requests for the return of the money belonging to the estate. Unnecessary expenditures and a needless hearing occurred as a result.

{¶ 13} "The Court therefore finds the defendant, Paula Childers GUILTY of concealing assets of the estate of Joan Longworth. The Court renders Judgment in favor of Damon Longworth, Executor of the estate of Joan Longworth. The Court hereby ORDERS Paula to deliver to Damon Longworth, Executor, the sum of $8,020.79 plus 10% penalty as required by R.C. 2109.52. The Court further orders Paula Childers to pay all costs of this proceeding."

{¶ 14} Childers argues that the trial court erred in finding her guilty of concealing assets of her mother's estate. Childers concedes that she does possess some money that belongs to Longworth's estate. According to Childers, she has been open and honest from the beginning about any money in her possession that belongs to Joan Longworth's estate. Childers testified that the executor of her mother's estate never demanded the return of any money and that she always has been willing to return any money that belongs to her mother's estate. Childers explained at the evidentiary hearing that she met with Damon's attorney after the initiation of the lawsuit but that she did not sufficiently trust Damon's attorney to turn the money over at that time.

{¶ 15} R.C. 2109.52 provides:

{¶ 16} "When passing on a complaint made under section 2109.50 of the Revised Code, the probate court shall determine, by the verdict of a jury if either party requires it or without if not required, whether the person accused is *guilty of having concealed, embezzled, conveyed away, or been in the possession of moneys*, chattels, or choses in action of the trust estate. If such person is found guilty, the probate court shall assess the amount of damages to be recovered or the court may order the return of the specific thing concealed or embezzled or may order restoration in kind. * * * In all cases, except when the person found guilty is the fiduciary, the probate court shall forthwith render judgment in favor of the fiduciary or if there is no fiduciary in this state, the probate court shall render judgment in favor of the state, against the person found guilty, for the

amount of the moneys or the value of the chattels or choses in action concealed, embezzled, conveyed away, or held in possession, together with ten per cent penalty and all costs of such proceedings or complaint; except that such judgment shall be reduced to the extent of the value of any thing specifically restored or returned in kind as provided in this section." (Emphasis added.)

{¶ 17} The probate court found Childers guilty of concealing estate assets. Black's Law Dictionary (8th Ed. 2004) 306 defines "Concealment" as "The act of refraining from disclosure; esp., an act by which one prevents or hinders the discovery of something; a cover-up." The probate court did not make a finding that Childers intentionally hindered the discovery of assets or that she engaged in a cover-up regarding assets of the estate. Rather, the court found Childers guilty of concealing assets based solely on her possession of the assets in question. We believe this was error.

{¶ 18} As the Ninth District explained in *Ukrainiec v. Batz* (1982), 24 Ohio App.3d 200, 202, 24 OBR 323, 493 N.E.2d 1368:

{¶ 19} "R.C. 2109.50 is a quasi-criminal statute. It requires a finding of guilty or not guilty and mandates that certain sanctions be imposed on a guilty defendant, including assessment of a ten percent penalty. See R.C. 2109.52. Thus, to prove concealment, complainant must show more than possession of estate assets. If such were the only proof necessary, all questions of disputed title could be brought under the concealment statute thereby making the statutory provisions for declaratory judgment (R.C. 2721.05) and exceptions to the inventory (R.C. 2109.33) superfluous. Further, the estate would be enriched by ten percent of each claim however innocent the possession.

{¶ 20} "To the contrary, a violation of R.C. 2109.50 involves wrongful or culpable conduct on the part of the person accused. *In re Estate of Black* [ (1945), 145 Ohio St. 405, 31 O.O. 31, 62 N.E.2d 90] paragraph three of the syllabus; *In re Estate of Johnson* (1943), 38 Ohio Law Abs. 372, 50 N.E.2d 273; *Gregg v. Kent* (1938), 27 Ohio Law Abs. 628."

{¶ 21} As the *Batz* court noted, the Ohio Supreme Court has held that a complaint filed under R.C. 2109.52 "involves a charge of wrongful or criminal conduct on the part of the person accused." *In re Black's Estate* (1945), 145 Ohio St. 405, 31 O.O. 31, 62 N.E.2d 90, paragraph two of the syllabus. Further, "[t]he word 'guilty' * * * implies wrongful possession. The provision for penalty implies that the person wrongfully in possession is kindred to the ones who 'conceal, embezzle or convey it away.'" *Gregg v. Kent* (July 21, 1938), Madison App. No. 137, 1938 WL 6739. Therefore, mere possession, by itself, is an insufficient basis on which to make a finding of guilt under R.C. 2109.52.

{¶ 22} The testimony at the evidentiary hearing did not establish that Childers ignored requests for the return of money to Joan Longworth's estate or that Childers tried to cover up the fact that she possessed money belonging to Longworth's estate. Rather, it appears that the tensions between Childers and Damon were so high that they could not effectively communicate regarding what amount of money Childers possessed that belonged to Longworth's estate. The trial court found that unnecessary expenditures and a needless hearing occurred as a result of Childers ignoring all requests for the return of the money to Longworth's estate. On this record, we cannot agree with the trial court's finding that Childers ignored any requests to return the money to Longworth's estate or with the trial court's decision to place the entirety of the blame on Childers. While Childers should be ordered to return the amount that rightfully belongs to Longworth's estate, we do not believe the facts of this case warrant a finding of concealment of assets and the imposition of the ten percent penalty pursuant to R.C. 2109.52.

{¶ 23} Damon argues in footnote one of his brief that numerous requests were made to Childers for cash and estate documents. However, no evidence of these "numerous" requests was offered at the evidentiary hearing. What is in the record is Damon's testimony that he personally did not ask Childers for any money that belonged to his mother's estate.

{¶ 24} The first, second, and fourth assignments of error are sustained.

Third Assignment of Error

{¶ 25} "The trial court erred in finding that the '* * * Balance on hand is $5,020.79 and the defendant admitted to having $3,000 cash that belongs to the estate', when all the evidence indicates that the funds owing to the estate were actually $3,742.62."

{¶ 26} Childers argues that the trial court erred in finding that she concealed assets totaling $8,020.79 from the estate of Joan Longworth. Damon argues that the trial court's finding was reasonable because the testimony at the evidentiary hearing established that Childers possesses $5,020.79 in a bank account plus $3,000 in cash, all of which belong to the estate of Joan Longworth.

{¶ 27} The testimony and exhibits presented at the evidentiary hearing are not a model of clarity. When asked on cross-examination about the money that she still possessed, Childers testified:

{¶ 28} "Q. Are there any assets you wish to return back to the estate?

{¶ 29} "A. I would like to turn all of that over. I like to do that from the start.

{¶ 30} "Q. What assets are you talking about?

{¶ 31} "A. It's in the record.

{¶ 32} "Q. Tell me. I don't have the records. Is there still cash in those accounts? Do you still need the accounts? Do you have documents to show each month to what you want to turn back over?

{¶ 33} "A. I want to turn over what I have been forced to handle. That I never wanted to be a part of in the beginning.

{¶ 34} "Q. These accounts, bank accounts?

{¶ 35} "A. Yes.

{¶ 36} "Q. There are monies in this account?

{¶ 37} "A. Yes.

{¶ 38} "Q. Do you know how much money is in these accounts?

{¶ 39} "A. I don't know exactly. I think maybe about five thousand in one.

{¶ 40} "Q. Might be?

{¶ 41} "A. I don't know. I don't have the number."

{¶ 42} On direct examination, Childers then testified regarding cash that she had in her possession at the evidentiary hearing:

{¶ 43} "Q. Okay. Do you have any money left in that account?

{¶ 44} "A. I have $3,000.00 in this account, well, it's not in the account, it's here.

{¶ 45} "Q. You have $3,000 in cash?

{¶ 46} "A. Yes.

{¶ 47} "Q. And you showed that to me during our break?

{¶ 48} "A. Yes.

{¶ 49} "Q. And that's in bundles of 500, isn't it?

{¶ 50} "A. Yes, it is.

{¶ 51} "Q. And there's a receipt wrapped around each little bundle?

{¶ 52} "A. Yes, there is.

{¶ 53} "Q. Is that because that's the receipt you got from the teller machine?

{¶ 54} "A. Yes, it is.

{¶ 55} "Q. So, you have six bundles of 500 dollars still sitting in a plastic sack.

{¶ 56} "A. $3,500.00, I'm sorry, $3,000.00.

{¶ 57} "Q. The last statement in that account it says there is a balance of 5,000 and some dollars, correct?

{¶ 58} "A. Yes. Let me make sure.

{¶ 59} "Q. Okay. Just so we disclose everything. I know you wrote me a check from that account when you engaged me within the last 30 days.

{¶ 60} "A. Yes.

{¶ 61} "Q. Okay. So, other than that check, all the money is there?

{¶ 62} "A. Correct."

{¶ 63} The last page of Defendant's Exhibit B from the evidentiary hearing is an October 10, 2006 bank statement concerning a Liberty Savings Bank checking account that shows a balance of $5,020.79. The trial court determined that Childers owed the estate $8,020.79 by totaling the sum of the $5,020.79 remaining in the Liberty Savings Bank checking account and the $3,000 that Childers testified she had in cash. The problem with this math, however, is that it is unclear from the testimony whether the full $5,020.79 in the bank account belonged to Longworth's estate.

{¶ 64} In her motion for relief from judgment, Childers argued that $3,000 of her own funds were included in the $5,020.79 in the checking account and therefore that the trial court should have ordered her to reimburse a total of only $5,020.79, consisting of the $3,000 in cash she had plus the $2,020.79 in the bank account that was the property of Longworth's estate. There is testimony that supports Childers's position that she spent $3,000 of her own money in setting up a bank account from which she paid her mother's bills. The motion for relief from judgment was pending when Childers filed her notice of appeal, so the trial court never decided the motion.

{¶ 65} Inexplicably, Childers now argues on appeal that she owes Longworth's estate less than $5,020.79. Specifically, Childers argues that she obtained a total of $12,500 from Longworth and spent $9,294 on Longworth's behalf, leaving a balance owed to the estate of $3,742.62. She attaches two exhibits to her appellate brief listing the withdrawals and checks paid. It does not appear that these two exhibits were ever presented to the trial court, and we decline to consider them on appeal.

{¶ 66} The parties presented a very murky picture to the trial court regarding the amount of money possessed by Childers that belonged to Longworth's estate. It is clear that Childers withdrew sums of money from Longworth's accounts and used part of this money to pay Longworth's bills. What is not clear is how much of the money withdrawn by Childers was not spent on Longworth's expenses, and how much remains. On this confused record, we cannot determine as a matter of law the exact amount that Childers owes to Longworth's estate. But we are able to determine that the evidence on which the trial court relied in finding that Longworth owed $8.020.79 was not competent, credible evidence. Therefore, this assignment of error is sustained, and we are

forced to remand this matter for the limited purpose of determining the amount of funds Childers possesses that belongs to Longworth's estate. The trial court most likely will need to take additional evidence from the parties in order to get to the bottom of this financial morass.

{¶ 67} The assignments of error are sustained. The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

WOLFF, P.J., and FAIN, J., concur.