[Cite as *State v. Keith*, 2016-Ohio-7359.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                     :

    Plaintiff-Appellee,                       :               CASE NO.   CA2015-12-213

    - vs -                                           :               O P I N I O N
                                                                             10/17/2016
                                                       :

TROY LEE KEITH,                               :

    Defendant-Appellant.                  :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2005-04-0646


Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Troy Lee Keith, #A515-428, Chillicothe Correctional Institution, P.O. Box 5500, Chillicothe, Ohio 45601, defendant-appellant, pro se


**HENDRICKSON, J.**

{¶ 1}   Defendant-appellant, Troy Lee Keith, appeals from a decision of the Butler County Court of Common Pleas denying his fifth petition for postconviction relief.  For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2}   In October 2005, appellant was convicted by a jury of six counts of grand theft, three counts of theft with a specification that the victim was elderly, 17 counts of theft, 14 counts of tampering with the records with the specification that the records were government

documents, and one count of engaging in a pattern of corrupt activity. The offenses were related to a mortgage foreclosure scheme that appellant participated in from August 1, 2003 through March 31, 2004. As a result of these convictions, appellant was sentenced by Judge Keith M. Spaeth to serve 23 years and two months in prison and ordered to pay restitution in the amount of $98,250.50.

{¶ 3} In early 2006, prior to directly appealing his conviction and sentence, appellant filed a motion for new trial and a petition for postconviction relief, arguing that the prosecutor failed to disclose evidence pertinent to his defense and he received ineffective assistance of counsel. His motion for new trial and petition for postconviction relief were denied by the trial court on June 5, 2006.

{¶ 4} Appellant subsequently filed a direct appeal of his conviction and sentence. *In State v. Keith*, 12th Dist. Butler No. CA2007-07-161, 2008-Ohio-348 (hereafter, "*Keith I*"), this court affirmed in part and reversed in part appellant's conviction and sentence. Two of appellant's convictions for grand theft and 14 of appellant's convictions for tampering with records were reversed and remanded to the trial court for reduction to a lesser included offense and resentencing. *Id.* at ¶ 49. This court also reversed and remanded a portion of the trial court's restitution order and remanded the case for resentencing on all counts in accordance with *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.

{¶ 5} In April 2008, appellant was resentenced by Judge Craig D. Hedric to serve 24 years and two months in prison and pay restitution to his victims in the amount of $92,274.21. Appellant, who was represented by appointed counsel, appealed his sentence. In his sole assignment of error, he argued that the trial court erred by vindictively ordering a greater sentence on reduced charges. This court overruled appellant's assigned error, concluding that appellant had failed to demonstrate that the new sentence was motivated by actual vindictiveness. *State v. Keith*, 12th Dist. Butler No. CA2008-05-129 (Jan. 30, 2009)

(Accelerated Calendar Judgment Entry) (hereafter, "*Keith II*").

**{¶ 6}** In June 2007, while appellant's direct appeal in *Keith I* was pending before this court, appellant filed his second petition for postconviction relief with the trial court. Appellant once again argued his trial counsel was ineffective. The trial court denied his motion in August 2007, and this court upheld the denial of appellant's second petition for postconviction relief in *State v. Keith*, 12th Dist. Butler No. CA2007-09-210 (Nov. 3, 2008) (Accelerated Calendar Judgment Entry).

**{¶ 7}** In August 2008, appellant filed a third petition for postconviction relief, which was subsequently denied by the trial court in September 2008. Four years later, in September 2012, appellant filed a fourth petition for postconviction relief, arguing the trial court committed plain error by failing to merge his theft offenses as allied offenses of similar import and by imposing an excessive sentence as a result of the resentencing judge's "implicit bias." The trial court denied appellant's motion to vacate in July 2013, and this court upheld the denial of appellant's fourth petition for postconviction relief in *State v. Keith*, 12th Dist. Butler No. CA2013-07-131, 2014-Ohio-169.

**{¶ 8}** On October 27, 2015, appellant filed an "Instanter Motion to Dismiss Indictment and Discharge Defendant, Troy Lee Keith" with the trial court. In his motion, appellant argued, among other things, that his double jeopardy rights were violated and he received ineffective assistance of trial counsel because counsel did not raise the defense of collateral estoppel to the state's charges.[1] Appellant's motion also requested a hearing.

---

1. **{¶ a}** It appears appellant argued, at least in part, that a finding made in a civil case initiated by one or more of appellant's foreclosure victims barred the state from prosecuting appellant for his role in the mortgage foreclosure scheme. Appellant stated the following in his motion:

> **{¶ b}** The Case at bar, brings before this Honorable Court the issue of fact that was barred by the Doctrine of Collateral Estoppel. Several of the alleged victim[s] of [appellant's] offenses, filed Suit against [him] seeking damages, for lack of performance of the legally binding Contract the[y] held with Pro-Team Property Management, doing business as, K.T. Property Management, Inc. During the

{¶ 9}   On November 6, 2015, the state filed a "Response to Motion for Postconviction Relief," in which it argued appellant's motion should be dismissed as an untimely petition for postconviction relief.  It further argued that appellant's arguments were barred by the doctrine of res judicata and that appellant was not entitled to hearing.

{¶ 10}   On November 9, 2015, the trial court issued a decision treating appellant's motion as his fifth petition for postconviction relief.  The trial court found no merit to appellant's arguments, and denied the petition. Thereafter, on November 20, 2015, appellant filed his "Reply to State's Response," arguing that his motion should not be treated as a petition for postconviction relief.

{¶ 11}   Appellant timely appealed the trial court's decision, raising three assignments of error.  For ease of discussion, we begin by addressing appellant's second assignment of error.

{¶ 12}   Assignment of Error No. 2:

{¶ 13}   THE TRIAL COURT ERRED BY CONSTRUING APPELLANT'S MOTION AS AN UNTIMELY POST-CONVICTION RELIEF PETITION, PURSUANT TO R.C. 2953.23.

{¶ 14}   In his second assignment of error, appellant argues the trial court erred by construing his "Instanter Motion to Dismiss Indictment and Discharge Defendant, Troy Lee Keith" as his fifth petition for postconviction relief.  He also argues the trial court erred by denying his motion as "the rule of collateral estoppel is embodied by the Fifth Amendment

proceeding in a Court with competent jurisdiction over the Subject Matter, [appellant] was found not to be the entity, that was a Party to the Contract, as he was neither Pro-Team Property Management or K.T. Property Management, Inc., and subsequently the cases were dismissed.

{¶ c}   * * *

{¶ d}   [Appellant] was successful in the Civil Court action on the issue of his liability and the State was barred from presenting any evidence regarding the ownership of the Company as being [appellant], which was its case in chief.

- 4 -

guarantee against double jeopardy" and denial of the motion resulted in a "clear manifest injustice."

{¶ 15} We find no error in the trial court's decision to treat appellant's motion as a petition for postconviction relief. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158 (1997), syllabus. As appellant's motion was filed subsequent to a direct appeal, claimed a denial of his constitutional rights under the Sixth Amendment and the Double Jeopardy Clause, sought to render his conviction void, and asked for a vacation of his sentence, his motion was properly construed as a petition for postconviction relief. *See State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10; *State v. Rarden*, 12th Dist. Butler No. CA2013-07-125, 2014-Ohio-564, ¶ 8-9.

{¶ 16} We further find no error in the trial court's denial of the motion as an untimely petition for postconviction relief. Appellant's most recent petition for postconviction relief was filed nearly eight years after the 365-day time limit prescribed in R.C. 2953.21(A)(2) had expired, and appellant failed to demonstrate either that he was unavoidably prevented from discovering the facts necessary for his claim for relief or that the United State Supreme Court has recognized a new federal or state right that applies retroactively to his claim for relief. *See* R.C. 2953.23(A)(1)(a). The arguments appellant raises in his fifth petition for postconviction relief could have been, and should have been, raised on direct appeal. As such, we find his claims are barred by the doctrine of res judicata, which states that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment any defense or any claimed lack of due process that was raised or could have been raised by the defendant

at the trial, which resulted in that judgment of conviction, or on an appeal from the judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. Moreover, appellant's claim that his criminal convictions were barred by the doctrine of collateral estoppel is not supported by law. *See, e.g., State v. Lovejoy*, 79 Ohio St.3d 440 (1997); *State v. Felter*, 6th Dist. Huron No. H-99-001, 1999 WL 727096 (Sept. 17, 1999).

{¶ 17} Accordingly, we find no merit to appellant's arguments and overrule his second assignment of error.

{¶ 18} Assignment of Error No. 1:

{¶ 19} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT DUE PROCESS OF LAW, AND RULED ON MOTION BEFORE HIS REPLY TO STATE'S RESPONSE WAS RECEIVED.

{¶ 20} In his first assignment of error, appellant argues the trial court erred in ruling on his petition for postconviction relief without allowing him the opportunity to respond to the state's "Response to Motion for Postconviction Relief." In support of his argument, appellant relies on Civ.R. 6(C), which provides as follows:

> Unless otherwise provided by these rules, by local rule, or by order of the court, a response to a written motion, other than a motion that may be heard ex parte, shall be served within fourteen days after service of the motion, and a movant's reply may be served within seven days after service of the response to the motion.

{¶ 21} We find no error in the trial court's actions. This court has previously determined that "[a] trial court may dismiss a defendant's petition for post-conviction relief without affording the defendant an opportunity to file any supplemental or responsive pleadings where the petition fails to set forth any substantive ground upon which relief may be granted." *State v. Wilson*, 12th Dist. Clermont No. CA96-02-020, 1996 WL 435325, *1

(Aug. 5, 1996). *See also In re J.B.*, 12th Dist. Butler Nos. CA2005-06-176, CA2005-07-193, and CA2005-08-377, 2006-Ohio-2715, ¶ 48. As appellant's petition failed to set forth any substantive ground upon which relief could be granted, the court was entitled to immediately rule on appellant's petition.

{¶ 22} Appellant's first assignment of error is, therefore, overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ABUSED IT'S [SIC] DISCRETION, WHEN IT DENIED APPELLANT'S MOTION WITHOUT A HEARING, AND THE ACTIONS WERE A DISPLAY OF JUDICIAL BIAS.

{¶ 25} In his third assignment of error, appellant argues the trial court erred in denying his petition for postconviction relief without holding an evidentiary hearing. Appellant also contends the decision to deny the petition without a hearing is evidence of the trial judge's bias against him, and in support of this position, appellant details the various efforts he has made since 2008 to get Judge Hedric disqualified from his case.

{¶ 26} As an initial matter we note that we do not have the authority to review whether or not a trial court judge should be disqualified from presiding over a case. "R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced." *State v. Mackey*, 12th Dist. Warren No. CA99-06-065, 2000 WL 190033, *7 (Feb. 14, 2000), citing *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph three of the syllabus; and *Jones v. Billingham*, 105 Ohio App.3d 8, 11 (2d Dist.1995). *See also* Ohio Constitution, Article IV, Section 5(C). A litigant who believes that the trial court judge should be disqualified must file an affidavit of bias or prejudice with the clerk of the supreme court pursuant to R.C. 2701.03. "Disqualification proceedings are not initiated in the court of appeals and cannot be reviewed by a court of appeals." *State v. Ludt*, 180 Ohio App.3d 672, 2009-Ohio-416, ¶ 17 (7th Dist.), citing *Beer v. Griffith*, 54 Ohio St.2d

440, 441 (1978). Rather, a court of appeals may only "review the trial court's rulings for alleged errors of law or procedure that stem from bias or other conflicts of interest." *Id.*

{¶ 27} In the present case, we find no error or bias in the trial court's decision to deny appellant's petition for postconviction relief without holding a hearing. "An evidentiary hearing is not automatically guaranteed each time a defendant makes a petition for postconviction relief." *State v. Piesciuk*, 12th Dist. Butler No. CA2013-01-011, 2013-Ohio-3879, ¶ 63. To be entitled to a hearing, "the petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case." *State v. Vore*, 12th Dist. Warren Nos. CA2012-06-049 and CA2012-10-106, 2013-Ohio-1490, ¶ 11. *See also* R.C. 2953.21(C). The decision to grant or deny an evidentiary hearing is left to the sound discretion of the trial court. *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 16.

{¶ 28} Here, the trial court reviewed appellant's petition, containing an "Affidavit of Verification," as well as the files and records of the case. As these documents failed to demonstrate substantive facts supporting appellant's claim for relief, the trial court did not need to hold an evidentiary hearing before denying the petition. *See State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 72.

{¶ 29} Appellant's third assignment of error is, therefore, overruled.

{¶ 30} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.