[Cite as *Hundley v. Sparkes*, 2017-Ohio-8360.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| RONALD D. HUNDLEY, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2017-01-006 |
| | : | O P I N I O N |
| - vs - | | 10/30/2017 |
| | : | |
| GILDA E. SPARKES, | : | |
| Defendant-Appellant. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2009 2090 03

Gray & Duning, J. William Duning, 130 East Mulberry Street, Lebanon, Ohio 45036, for plaintiff-appellee

Andrew P. George, 530 North Broadway, P.O. Box 36, Lebanon, Ohio 45036, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Gilda Sparkes, appeals a decision of the Warren County Court of Common Pleas, Probate Division, ordering her to pay a ten percent penalty in addition to damages for concealment and embezzlement.[1]

---

1. Pursuant to Loc.R. 6(A), the court hereby sua sponte removes this case from the accelerated calendar for purposes of issuing this opinion.

{¶ 2} In 2010, Sparkes was appointed guardian of her mother, Deila Hundley. Sparkes filed an inventory of Deila's assets, as well as annual accounts regarding the assets. Deila passed away in 2016, and Sparkes' brother, plaintiff-appellee, Ronald Hundley, was appointed the Executor of Deila's estate. Sparkes then filed an annual account of Deila's assets with the probate court in 2016 after her mother passed.

{¶ 3} Several months later, Ronald filed a complaint with the probate court alleging that Sparkes concealed or embezzled their mother's assets. Ronald alleged that Sparkes changed the designation on three of Deila's life insurance policies to herself during the time she was guardian of Deila's assets, and also used their mother's assets to maintain a tractor that belonged to Sparkes.

{¶ 4} The probate court determined that Sparkes had embezzled $251 in assets to maintain the tractor, and that Sparkes was guilty of concealing or embezzling the insurance policies by naming herself beneficiary of each. The probate court then awarded judgment against Sparkes for $29,880.32 plus a ten percent penalty of $2,988.03. The penalty and one of the life insurance policies were ordered payable to Deila's estate while the remaining judgment was ordered payable to Ronald.

{¶ 5} Sparkes now appeals the trial court's decision ordering her to pay the ten percent penalty, arguing that the trial court erred in imposing the penalty.[2] However, Sparkes does not challenge the probate court's finding of guilt as to the embezzlement and concealment.

{¶ 6} Sparkes first argues that two of the life insurance policies were nonprobate

---

2. Sparkes raises two assignments of error. The first states "Penalty assessed regarding Western Southern Policies 589416 and 70507283," and the second states, "In order to assess a penalty under ORC §2109.50, there must be a finding of culpable mental state." Neither of these assignments of error conform to this court's requirement that each assignment of error "shall assert precisely the matter in which the trial court is alleged to have erred." Loc.R. 11(B)(3). Nevertheless, we will address the argument that the trial court erred in ordering the penalty, as that is the crux of both "assignments of error" posed by Sparkes.

assets, and thus not subject to the probate court's jurisdiction. However, the record is clear that Ronald filed the complaint alleging that Sparkes embezzled and concealed assets over which she served as guardian. R.C. 2109.50 states,

> Upon complaint made to the probate court of the county having jurisdiction of the administration of an estate, a testamentary trust, or a guardianship or of the county where a person resides against whom the complaint is made, by a person interested in the estate, testamentary trust, or guardianship or by the creditor of a person interested in the estate, testamentary trust, or guardianship against any person suspected of having concealed, embezzled, or conveyed away or of being or having been in the possession of any moneys, personal property, or choses in action of the estate, testamentary trust, or guardianship, the court shall by citation or other judicial order compel the person or persons suspected to appear before it to be examined, on oath, touching the matter of the complaint.

{¶ 7} The record is clear that the Warren County Probate Court had jurisdiction over the administration of Deila's estate, as well as jurisdiction over the guardianship that occurred during her life. Ronald properly filed a complaint as a person interested in Deila's estate, and alleged that Sparkes was suspected of concealing or embezzling assets subject to Sparkes' guardianship. As such, the probate court had jurisdiction over the issue.

{¶ 8} Sparkes also argues that the probate court could not order her to pay a ten percent penalty because she did not engage in the necessary culpable conduct. According to R.C. 2109.52, the probate court shall enter judgment against one who embezzles or conceals assets "for the amount of the moneys * * * together with ten per cent penalty and all costs of the proceedings or complaint."

{¶ 9} The Ohio Supreme Court has held that a complaint filed according to R.C. 2109.52 "involves a charge of wrongful or criminal conduct on the part of the person accused." *In re Estate of Black*, 145 Ohio St. 405 (1945), paragraph two of the syllabus. Similarly, a violation of R.C. 2109.50 involves wrongful or culpable conduct on the part of the person accused. *Longworth v. Childers*, 180 Ohio App.3d 162, 2008-Ohio-4927 (2d Dist.).

{¶ 10} Sparkes now contends that the probate court did not rightly impose the ten percent penalty because she did not engage in culpable conduct. However, the record demonstrates that Sparkes had the culpable conduct to constitute a violation of R.C. 2109.50 and to trigger the penalty proscribed in R.C. 2109.52. The probate court determined that Sparkes possessed and controlled all of Deila's assets as guardian, and that Sparkes "knowingly and wrongfully changed the beneficiary designations on all three life insurance policies" so that she became the beneficiary. The probate court further determined that "these are acts of self-dealing and acts of bad faith," and that Sparkes' testimony regarding her innocent reasons for changing the beneficiary designations was "not credible nor believable."

{¶ 11} The probate court made specific findings that clearly indicate that Sparkes did not innocently misappropriate assets from her mother. Instead, Sparkes made the beneficiary designation changes in bad faith and to benefit herself, and as such, demonstrated the necessary culpable conduct to constitute embezzlement and concealment according to R.C. 2109.50. The probate court was therefore required by statute to order judgment against Sparkes, which included the ten percent penalty set forth in R.C. 2109.52. The assignments of error posed by Sparkes are therefore overruled.

{¶ 12} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

- 4 -