[Cite as *State v. Williams*, 2019-Ohio-1835.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                   :           CASE NOS. CA2018-09-069

                                             CA2018-09-070

Appellee,             :

                                          O P I N I O N
                         :                 5/13/2019

- vs -

                                                  :

JAMES W.D. WILLIAMS IV,       :

Appellant.           :

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2017CR0533 and 2018CR0016

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, Batavia, Ohio 45103 for appellee

James W.D. Williams IV, #A743244, London Correctional Institution, P.O. Box 69, London, Ohio, pro se

**M. POWELL, J.**

{¶ 1} Appellant, James W.D. Williams IV, appeals a decision of the Clermont County Court of Common Pleas denying his postconviction relief petitions.[1]

{¶ 2} In February 2018, appellant pled guilty to two fifth-degree felony counts of

---

1. Appellant is also known as and/or was formally known as Thomas Lee Shafer. The record indicates that appellant's legal name at birth was Thomas Lee Shafer. Appellant changed his legal name to James Wargel Denver Williams IV after his stepfather officially adopted him in August 2017.

receiving stolen property in two separate cases, Case No. 2017 CR 0533 ("Case No. 533") and Case No. 2018 CR 0016 ("Case No. 16"). A sentencing hearing was held in March 2018 for both cases. Appellant was represented by Attorney Jon Paul Rion in Case No. 533 and by Attorney Mike Kennedy in Case No. 16.

{¶ 3} Following appellant's allocution, the trial court sentenced appellant to 11 months in prison on each count. As the trial court was making the requisite findings for consecutive sentences, Attorney Rion interrupted and asked to be excused from the sentencing hearing to attend a scheduled conference call with a federal judge. With appellant's consent, Attorney Rion was excused and the sentencing hearing continued with appellant being represented by Attorney Kennedy. The trial court completed the requisite consecutive sentence findings, thereby sentencing appellant to an aggregate 22-month prison term, imposed restitution in Case No. 533, and advised appellant of the applicable postrelease control issues in both cases. Appellant did not file a direct appeal. However, on September 18, 2018, we granted appellant's motion to file a delayed consolidated appeal in both cases. That appeal is pending.

{¶ 4} Between July 2018 and September 2018, appellant filed numerous motions, including to vacate his sentence and be resentenced, and for recusal of the trial judge and prosecutor. On September 19, 2018, the trial court construed appellant's motions to vacate his sentence and be resentenced as postconviction relief ("PCR") petitions and denied them without a hearing on the basis of res judicata. The trial court further denied all other motions.

{¶ 5} Appellant now appeals the denial of his PCR petitions to vacate his sentence and for recusal of the trial judge, raising three "assignments of error."[2]

---

2. Appellant's pro se brief fails to raise arguments in the form of assignments of error as required under App.R. 16(A)(3) and Loc.R. 11. Specifically, this court requires that each assignment of error "shall assert precisely the matter in which the trial court is alleged to have erred." Loc.R. 11(B)(3); *Hundley v. Sparkes*, 12th Dist. Warren No. CA2017-01-006, 2017-Ohio-8360, ¶ 5, fn. 2. A pro se appellant is held to the same

**{¶ 6}** In his first and second assignments of error, appellant argues that his consent to excusing Attorney Rion was not knowingly, intelligently, and voluntarily given because he was not afforded sufficient time to consider the decision. Appellant further argues that he received ineffective assistance of counsel because neither Attorney Rion nor Attorney Kennedy advised him about the matter. Appellant further takes issue with the trial court's failure to allow him to "halt" or reschedule the sentencing hearing and to hire or be appointed new counsel.

**{¶ 7}** We note at the outset that this case is an appeal from the denial of appellant's PCR petitions. "This is important because the only issue that can now be raised in this current appeal is whether the trial court erred by denying appellant's petition for such relief." *State v. Edwards*, 4th Dist. Ross No. 14CA3474, 2015-Ohio-3039, ¶ 6. Appellant's brief addresses the merits of his claims. However, the merits of an underlying claim are not relevant in determining the application of res judicata to the claim. Appellant fails to address how the trial court erred in denying his PCR petitions on the basis of res judicata.

**{¶ 8}** "The doctrine of res judicata bars [a defendant] from raising an issue on postconviction relief that could have, and should have, been raised in a first appeal of right." *Id.* at ¶ 7; *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707. A trial court may dismiss a PCR petition on the basis of res judicata. *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228, ¶ 21. The entire basis of appellant's claims under his first and second assignments of error is apparent from the record. Thus, appellant's claims could have been raised on direct appeal but were not. Consequently, they are barred by res

---

obligations and standards set forth in the appellate rules that apply to all litigants. *See Sayyah v. O'Farrell*, 12th Dist. Brown No. CA2000-06-017, 2001 Ohio App. LEXIS 1914 (Apr. 30, 2001). Nevertheless, in the interest of justice, we will address the arguments raised in the "assignments of error." *Id.*

judicata. *Edwards* at ¶ 9.[3] The trial court, therefore, did not err in denying appellant's PCR petition to vacate his sentence.

{¶ 9} Appellant's first and second assignments of error are overruled.

{¶ 10} In his third assignment of error, appellant argues the trial judge acted with bias when he proceeded with sentencing after excusing Attorney Rion and when he subsequently ruled upon appellant's PCR petitions. Appellant argues the trial judge should have recused himself because appellant filed a lawsuit against the judge and the prosecutor's office is representing the judge in that case.

{¶ 11} However, it is well-established that "a court of appeals is without authority to pass upon disqualification or to void the judgment of the trial court upon that basis." *State v. Myers*, 12th Dist. Madison No. CA2012-12-027, 2014-Ohio-3384, ¶ 26; *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442 (1978). "R.C. 2701.03 provides the exclusive means by which a litigant may claim that a common pleas court judge is biased and prejudiced." *State v. Keith*, 12th Dist. Butler No. CA2015-12-213, 2016-Ohio-7359, ¶ 26; *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph three of the syllabus. "Disqualification proceedings are not initiated in the court of appeals and cannot be reviewed by a court of appeals." *State v. Ludt*, 180 Ohio App. 3d 672, 2009-Ohio-416, ¶ 17 (7th Dist.). Accordingly, this court is without jurisdiction to pass upon this issue.

{¶ 12} Appellant's third assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.

---

3. As stated above, this court granted appellant's motion to file a delayed appeal in Case Nos. 533 and 16, thus providing him the opportunity to present his arguments to this court.