OPINION
{¶ 1} Appellant, William C. Runyon, was indicted on January 12, 2005 on one count of aggravated robbery, R.C. 2911.01(A) (1 ), with a firearm specification and a repeat violent offender specification, and one count of kidnapping, R.C. 2905.01(A)(2). A jury trial was held on May 3, 2005, and appellant was found guilty of both counts and the firearm specification. Appellant waived in writing his right to a jury trial with respect to the repeat violent offender specification, and he was found guilty of that specification by the trial judge. The trial court imposed maximum ten-year prison sentences for the aggravated robbery and kidnapping counts, to be served concurrently. Appellant was sentenced to an additional eight years for the repeat violent offender specification, and an additional three years for the firearm specification. Appellant filed a notice of appeal on June 28, 2005.
 {¶ 2} On January 9, 2006, counsel for appellant filed a brief pursuant to Anders v. California (1976), 386 U.S. 738, 87 S.Ct. 1396, asserting that, upon a careful review of the record, no prejudicial error could be found, and requesting permission to withdraw. On January 31, 2006, appellant filed a supplemental pro se merit brief as contemplated by theAnders decision.
 {¶ 3} After the Anders brief had been filed, but before the case was submitted to the court for review, the Ohio Supreme Court released decisions which found certain Ohio felony sentencing statutes to be unconstitutional. See State v. Foster, 109 Ohio St. 1, 2006-Ohio-856;State v. Mathis, 109 Ohio St. 3d 54, 2006-Ohio-855. This court thereafter granted appellant and his counsel additional time to determine what action, if any, should be taken in light ofFoster and Mathis.
 {¶ 4} On April 25, 2006, counsel for appellant filed an amended brief raising the following assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO AN ADDITIONAL PRISON SENTENCE BY FINDING THAT THE APPELLANT WAS A REPEAT VIOLENT OFFENDER IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONTITUTION."
 {¶ 6} The state of Ohio filed a responsive brief on April 26, 2006.
 {¶ 7} In State v. Foster, the Supreme Court of Ohio held that portions of Ohio's repeat violent offender statue, R.C. 2929.14(D)(2), are unconstitutional because they violate Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348; and Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531. In Apprendi and Blakely, the United States Supreme Court found that sentencing statues which allow judges to impose prison time beyond a maximum sentence after finding additional facts violate the Sixth Amendment to the United States Constitution unless the additional facts are determined by a jury.
 {¶ 8} R.C. 2929.14(D)(2)(b) reads in pertinent part as follows:
 {¶ 9} "If the court imposing a prison term on a repeat violent offender imposes the longest prison term from the range of terms authorized for the offense * * * the court may impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if the court finds that both of the following apply * * *:
 {¶ 10} "(i) The terms so imposed are inadequate to punish the offender and protect the public from future crime, because the applicable factors * * * indicating a greater likelihood of recidivism outweigh the applicable factors * * * indicating a lesser likelihood of recidivism.
 {¶ 11} "(ii) The terms so imposed are demeaning to the seriousness of the offense, because [applicable factors] indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors * * * indicating that the offender's conduct is less serious than conduct normally constituting the offense."
 {¶ 12} Appellant was sentenced as to the repeat violent offender specification using the factors that appear in R.C. 2929.14(D)(2)(b), which were severed from the statute by Foster. The Supreme Court noted in Foster that "[a]fter the severance, judicial fact-finding is not required before imposition of additional penalties for repeat violent offender * * * specifications." Foster, paragraph six of the syllabus. This case must be reversed and remanded for resentencing on the repeat violent offender specification.
 {¶ 13} Because appellant's appointed counsel replaced his initialAnders brief with a merit brief, we need not address the six additional assignments of error set forth in the supplemental pro se brief filed by appellant. However, we have carefully reviewed the record in this matter and conclude that all of appellant's arguments are without merit.
 {¶ 14} Appellant argues that his trial counsel was ineffective for a number of reasons, most of which involve matters of trial strategy and trial tactics. The record directly contradicts many of appellant's arguments. For example, the record indicates that appellant was present during the entire voir dire process. The record further reflects that although appellant did appear in court wearing prison garb, he was advised immediately prior to trial that he had the right to be dressed in civilian clothes during trial, and the court offered to delay the proceedings and provide appellant with civilian clothes. Appellant declined the offer and elected to proceed in prison garb.
 {¶ 15} Appellant's argument that he does not qualify as a repeat violent offender based upon a prior Kentucky conviction for second degree robbery is also without merit. The record shows that appellant's Kentucky conviction was the equivalent of a first or second degree felony in Ohio, and thus supported the trial court's determination that appellant is a repeat violent offender. Finally, the evidence presented at trial was sufficient to support appellant's convictions.
 {¶ 16} Based upon the foregoing, the assignment of error is sustained. This cause is reversed and remanded for resentencing on the repeat violent offender specification only. Appellant's convictions and all other sentences imposed are affirmed.
POWELL, P.J., and WALSH, J., concur.