[Cite as *State v. Runyon*, 2016-Ohio-8230.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-06-120 |
| | : | O P I N I O N |
| - vs - | | 12/19/2016 |
| | : | |
| WILLIAM C. RUNYON, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2004-12-2159


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

William C. Runyon, #A497696, Madison Correctional Institution, P.O. Box 740, London, Ohio 43140-0740


**HENDRICKSON, J.**

{¶ 1} Defendant-appellant, William C. Runyon, appeals from a decision of the Butler County Court of Common Pleas denying his fifth petition for postconviction relief. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2} In 2005, appellant was convicted by a jury of aggravated robbery with a firearm specification and kidnapping. The trial court found appellant to be a repeat violent offender and sentenced appellant to concurrent ten-year prison terms on the aggravated robbery and

kidnapping counts. The court ordered that appellant's sentence for aggravated robbery be served consecutively to a three-year mandatory prison term for the firearm specification and an eight-year prison term for the repeat violent offender specification, for an aggregate prison term of 21 years.

{¶ 3} Appellant directly appealed his conviction and sentence, and this court upheld his convictions but reversed and remanded for resentencing on the "repeat violent offender specification only." *State v. Runyon*, 12th Dist. Butler No. CA2005-06-157, 2007-Ohio-590, ¶ 16 (hereafter, "*Runyon I*"). On remand, appellant was once again sentenced to an aggregate prison term of 21 years. Appellant appealed his sentence, raising issues relating to the trial court's imposition of consecutive sentences. Appellant's assignments of error were overruled by this court on July 14, 2008. *State v. Runyon*, 12th Dist. Butler No. CA2007-05-121 (July 14, 2008) (Accelerated Calendar Judgment Entry).

{¶ 4} In August 2008, appellant filed his first petition for postconviction relief, which was denied by the trial court. Then, in February 2010, appellant was re-sentenced by the trial court to allow for the proper imposition of postrelease control. Appellant appealed from this resentencing, but his appeal was denied as untimely. *State v. Runyon*, 12th Dist. Butler No. CA2010-03-068 (Apr. 20, 2010) (Judgment Entry of Dismissal).

{¶ 5} In March 2013, appellant filed his second petition for postconviction relief, and the trial court denied this petition in July 2013. Appellant sought leave to file a delayed appeal, but his request was denied. *State v. Runyon*, 12th Dist. Butler No. CA2013-09-171 (Oct. 29, 2013) (Entry Denying Motion for Leave to File Delayed Appeal).

{¶ 6} Appellant filed his third petition for postconviction relief in August 2013, and the trial court denied his petition. Appellant appealed the denial of his petition, but his appeal was dismissed as untimely. *State v. Runyon*, 12th Dist. Butler No. CA2015-10-181 (Nov. 3, 2015) (Judgment Entry of Dismissal). In November 2015, appellant filed his fourth petition

for postconviction relief, and the trial court denied his petition in January 2016.

**{¶ 7}** On May 25, 2016, appellant filed his fifth petition for postconviction relief, entitled "Motion to Vacate a Void Sentence," with the trial court.[1]  In his petition, appellant argued the trial court's failure to merge his aggravated robbery conviction with his kidnapping conviction as allied offenses of similar import resulted in a void sentence.  The trial court denied appellant's successive petition on May 27, 2016, finding that appellant "had the opportunity to raise the issue of allied offenses of similar import [on direct appeal, and] * * * that the [appellant] is now barred by res judicata from raising the issue in a post-conviction motion."

**{¶ 8}** Appellant timely appealed from the denial of his petition, raising the following as his sole assignment of error:

**{¶ 9}** THE TRIAL COURT ERRED AS A MATTER OF FACT AND LAW AND VIOLATED APPELLANT'S CONSTITUTIONALLY GUARANTEED PROCEDURAL DUE PROCESS RIGHTS WHEN IT CONVICTED AND SENTENCED HIM TO AGGRAVATED ROBBERY AND KIDNAPPING WHEN THE TRIAL COURT HAD A DUTY TO KNOW THOSE OFFENSES WERE ALLIED OFFENSES OF SIMILAR IMPORT, SUBJECT TO MERGER THEREFORE MAKING HIS SENTENCE VOID.

**{¶ 10}** In his sole assignment of error, appellant argues the trial court erred by denying his petition for postconviction relief.  Appellant contends the trial court's failure to merge his aggravated robbery and kidnapping convictions as allied offenses of similar import resulted in a "void" sentence.  Appellant asserts that because his sentence is "void," the doctrine of res judicata does not apply to his claim.  We disagree.

---

1. Although titled "Motion to Vacate a Void Sentence," appellant's motion is properly construed as a petition for postconviction relief under R.C. 2953.21(A)(1) as the motion (1) was filed subsequent to a direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for a vacation of the judgment and sentence.  *See State v. Reynolds*, 79 Ohio St.3d 158, 160-161 (1997); *State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 10.

{¶ 11} The doctrine of res judicata provides that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or an appeal from the judgment." *State v. Wagers*, 12th Dist. Preble No. CA2011-08-007, 2012-Ohio-2258, ¶ 10, citing *State v. Szefcyk*, 77 Ohio St.3d 93 (1996), syllabus. The Ohio Supreme Court has recognized that "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law, and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *State v. Williams*, Slip Opinion No. 2016-Ohio-7658, ¶ 26. The court has further recognized that its "void sentence jurisprudence does not apply to 'challenges to a sentencing court's determination *whether* offenses are allied.'" (Emphasis sic.) *Id.* at ¶ 24, quoting *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8.

{¶ 12} In the present case, the trial court determined that appellant's convictions for aggravated robbery and kidnapping were not allied offenses of similar import when it first sentenced appellant in 2005. Appellant had the opportunity to challenge the trial court's finding on direct appeal in *Runyon I*, and he failed to raise the issue. As a result, appellant's argument that his convictions are allied offenses of similar import is barred by the doctrine of res judicata and therefore cannot serve as the basis for his petition for postconviction relief. *See Williams* at ¶ 24-26; *State v. Wilkins*, 12th Dist. Clinton No. CA2013-05-012, 2013-Ohio-5372, ¶ 16.

{¶ 13} Accordingly, for the reasons stated above, we find no error in the trial court's denial of appellant's fifth petition for postconviction relief. Appellant's sole assignment of error is overruled.

{¶ **14**}   Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.